BILES v. RAILROAD.

(Filed November 15, 1905).

*Railroads—Nonsuit—Defective   Appliances—Negligence—*
*Assumption of Risk—Fellow Servant Act—Contributory*
*Negligence—Rules, Violation of—How Waived.*

1.  On a motion for nonsuit or its counterpart, the direction of a verdict, the evidence of the plaintiff must be accepted as true and construed in the light most favorable for him.

2.  In an action against the defendant railroad, if the jury should find that the plaintiff, while in the performance of his duty, was injured, as the proximate consequence of a defective engine or defective appliance, then the defense of assumption of risk is not open to the defendant, by reason of the Fellow Servant Act.

3.  While the mere working on in the presence of known and dangerous conditions, but in the honest effort to discharge his duty faithfully, usually treated under the head of assumption of risk, shall not be considered in bar of the plaintiff's recovery, this does not at all mean that in cases against railroads from injuries from defective appliances, the plaintiff is absolved from all care on his own part.

4.  Except in extraordinary and imminent cases, like those of Greenlee and Troxler cases, the plaintiff in actions for negligence against railroads is required to act with that due care and circumspection which the presence of such conditions require, and if apart from the element of assumption of risk, he has been careless in a manner which amounts to contributory negligence, his action must fail.

5.  The violation of a known rule of the company, made for an employee's protection and safety, when the proximate cause of such employee's injury, will usually bar a recovery.

6.  Where a rule is habitually violated to the knowledge of the employer or where a rule has been violated so frequently and openly, and for such a length of time, that the employer could by the exercise of ordinary care have ascertained its non-observance, the rule is considered as waived or abrogated.

ACTION by David Biles against Seaboard Air Line Railway to recover damages for an injury caused by alleged negligence of the defendant, heard by *Judge George W. Ward* and a jury, at the June Term, 1905, of the Superior Court of ANSON County.

The three ordinary issues in actions of this character were framed for submission to the jury: (1) As to the negligence of defendant; (2) As to contributory negligence on the part of plaintiff; (3) On the question of damages. At the close of the testimony on an adverse intimation of His Honor both on the first and second issues, the plaintiff submitted to a nonsuit and appealed.

*H. H. McLendon* and *J. A. Lockhart & Son* for the plaintiff.

*John D. Shaw* and *Adams, Jerome & Armfield* for the defendant.

HOKE, J., after stating the case: In *Hopkins v. Railroad,* 131, N. C., 464, *Douglas, J.,* delivering the opinion, said: "It is well settled that on a motion for nonsuit or its counterpart, the direction of a verdict, the evidence of the plaintiff must be accepted as true and construed in the light most favorable for him." Applying this rule to the facts set forth in the case on appeal, we are of opinion that the plaintiff is entitled to have his cause submitted to a jury.

The plaintiff himself testified that he was a brakeman on a freight train of defendant company, and on the night of November 29, 1902, was injured by having his foot run over and crushed by the engine of the train with which the plaintiff was then working; that the injury occurred as the train was entering on the yard at Hamlet, N. C., where there were a great many tracks and switches; that it was a part of the plaintiff's duties at such times to keep a lookout in front of

the engine, and his proper placing for the purpose was on the pilot of the engine.

Selecting a portion of his testimony from the notes of the evidence sent with the case in the form of questions and answers, we find this statement.

"Q. Go on and state how you were hurt? A. I was on the front part of the engine, on the standard step, where I always had to ride, going into a yard.

Q. Why did you ride there going into the yard? A. To look out for the switches and loose cars.

Q. Why did you ride there to look out for switches? A. That was my duty.

Q. To look out for switches and cars? A. Yes, loose cars would roll down sometimes and we would change the switches right quick. I would always have to ride so I could throw the switch.

Q. What do you mean by throwing the switch? A. Changing the switch from one track to another.

Q. That is, you kept the switches in their proper place and order? A. Yes.

At another point the plaintiff testified that he could not properly perform the duties unless he was stationed in front on the pilot, and that the defendant would not keep a man who could not keep the train moving, but was so slow that he would require it to stop to enable him to do his work; that in order to enable employees, charged with this duty, to hold their positions, there was usually a short step on the face of the pilot, eight to ten inches long and wide enough for the placing of one foot, and a bar or rod along the beam of the pilot by which the brakeman could hold on with reasonable safety when the train was in motion; that this particular engine had the step, but did not have the rod or other means to enable the plaintiff to hold properly, and as the engine was going into the yard it jostled or careened in some way—probably by a depression in the

BILES *v.* RAILROAD.

rail; that the plaintiff's foot was jarred from its position on the step, and, not being able to hold, his foot slipped under the forewheel of the engine, was crushed as stated and finally had to be amputated, etc.

If these facts are established, there would seem to be a case of negligent injury, not unlike that of *Coley v. Railroad,* 128 N. C., 534, and unless the facts are successfully controverted or the plaintiff himself has failed to exercise proper care in the matter, there would be an actionable wrong.

The judge below also expressed an intimation adverse to the plaintiff on the issue of contributory negligence. Without going into a detailed statement of the testimony, we are of opinion that on this issue also the case should be submitted to the jury under proper instructions. The plaintiff has stated in one place that it was a dangerous duty and he had looked for some one to get hurt in performing it. But so far as the mere working on in the performance of a dangerous duty is concerned, this, while sometimes spoken of as contributory negligence, is usually and more properly classed and considered under the head of assumption of risk, and being a contractual defense, where it is allowed, is not open to the defendant by reason of the statute. Private Laws 1897, chap. 56, sec. 1. This statute provides that any employee who is injured by any defect in the machinery, ways or appliances of a railroad company shall be entitled to maintain an action; and section 2 provides that any contract or agreement, expressed or implied, made by any employee to waive the benefit of the aforesaid section shall be null and void. If, in answer to the first issue, the jury should find that the plaintiff, while in the performance of his duty was injured, as the proximate consequence of a defective engine or defective appliance, then the defense of assumption of risk is not open to the defendant. *Coley v. Railroad, supra;* s. c. 129 N. C., 407.

While the mere working on in the presence of known and

dangerous conditions, but in the honest effort to discharge his duty faithfully, usually treated under the head of assumption of risk, shall not be considered in bar of the plaintiff's recovery, this does not at all mean that in cases of the kind we are now considering, the plaintiff is absolved from all care on his own part. Except in extraordinary and imminent cases, like those of *Greenlee* and *Troxler*, 122 N. C., 977, and 124 N. C., 189, he is still required to act with that due care and circumspection which the presence of such conditions require, and, if apart from this element of assumption of risk, the plaintiff has been careless in a manner which amounts to contributory negligence, his action must fail.

There is evidence here tending to show that the plaintiff, at the time of the injury in taking his position on the pilot of the engine, was acting in violation of the rules of the company. While the disposition of the present appeal does not require that we consider evidence making for the defense, we deem it well to note that the violation of a known rule of the company, made for an employee's protection and safety, when the proximate cause of such employee's injury, will usually bar a recovery. This is only true, however, of a rule which is alive and enforced, and does not obtain where a rule is habitually violated to the knowledge of the employer or of those who stand towards the employer in the position of vice principals, or when a rule has been violated so frequently and openly, and for such a length of time, that the employer could by the exercise of ordinary care have ascertained its non-observance. Under such circumstances, the rule is considered as waived or abrogated. 5 Thompson Law of Negligence, sec. 5404; Beach Cont. Neg., sec. 373.

There was error in the ruling of the court below and the plaintiff is entitled to have his cause submitted to the jury.

New Trial.

CLARK, C. J., and WALKER, J., concur in result.