The facts are sufficiently stated in the opinion of the Court by Mr.Chief Justice Clark.
This is an action to recover damages for personal injury caused by the negligence of the defendant. The defendant took ninety-four exceptions, but abandoned fifty-one of them in this Court.
While the record is voluminous and the exceptions numerous, the matter for decision lies in a very small compass. The (583) *Page 470 
case comes within the principles of law laid down in Coley v. R. R.,128 N.C. 534; S. c., 129 N.C. 407. The plaintiff was employed by the defendant 1 December, 1907, as a brakeman on its road. Twenty-four days later he lost his foot by reason, as he alleges, of negligence on the part of the defendant.
The plaintiff contends there was negligence on the part of the defendant, in that (a) it furnished an engine without a step, as was usual and necessary on railroads properly equipped; (b) that the step upon the tender was defective and dangerous and was too high to be reached with safety in boarding a moving train; (c) that it permitted water to drip from the sprinkler hose on the step of the tender and form ice there, making a dangerous place to board the train; and (d) that he, being a green hand, without experience, was required, in the discharge of his duties, to board the train, when in motion, without any proper warning or instructions as to his duties and the dangers. He insisted that by reason of this negligence, when he undertook to board the moving train his left foot slipped from the tender step, passed under the wheels of the moving tender, and was so crushed that amputation was necessary.
The defendant admitted the absence of the step from the engine, contended that one was unnecessary, denied the other allegation of negligence, pleaded assumption of risk and also contributory negligence on part of plaintiff in attempting to board the tender as he did. It especially urged that plaintiff was rear brakeman, and should not have attempted to board the engine or tender at all.
In reply, plaintiff contended he had duties in the rear and front; that he boarded the engine and rode there as often as he did elsewhere; that he had been ordered so to do; that this was necessary in the discharge of his duties; was done in the presence of the conductor in charge of the train, and that the duties on the rear of the train were assigned by the superintendent of the road to another on the afternoon of the injury, in presence of the plaintiff, just a few hours before he (plaintiff) was hurt.
There was evidence that the plaintiff was inexperienced as (584) a brakeman, that no written or printed rules were furnished him nor in use by the defendant, and that he was not instructed or cautioned as to dangers incident to his employment. The plaintiff was discharging various duties as brakeman on the train, some times being in the coach and sometimes on the engine. The train reached Wilson siding about dark and stopped to unload some freight. Plaintiff helped in the discharge of this duty, and when the freight had been unloaded, the conductor signaled the train forward. Plaintiff, in order to be in front, to change the switch at next station, undertook to mount the tender. The train was moving at the rate of three *Page 471 
or four miles an hour. He could not mount the engine, because there was no step. A boy who was permitted to go on the train was also standing in his way. Plaintiff then caught the grab-iron on the tender. and undertook to get on board by means of the step on the tender. There was but one step on the tender, which was 30 inches from the ground. The first effort resulted in his foot slipping off. He made a second effort, with the same result, and his foot that time slipped from the edge of the tender step, there being no side to the step or guard to prevent it. A hose sprinkler was leaking. From this cause the step was wet and covered with ice. The wheel was just a few inches from the rear of this step, and plaintiff's foot when it slipped a second time passed in front of the wheel and was crushed between the wheel and iron rail. It was getting dark, and plaintiff did not know that ice was on the steps at that time. When the train started out that afternoon the superintendent had told the boy to knock the ice off, saying "some one was going to get their neck broke"; but the ice had not been removed.
There was also evidence that the defendant was using an old second-hand engine, that there was a grab-iron on the engine for the use of those mounting it, but no step on the engine. There was also evidence by experienced engineers that prior to the time of this injury steps for mounting engines and tenders were in general use which were made of iron with sides and backs to them, so that the foot when placed therein would not slip out. There is also evidence that such a step was in use on the only other engine on this road, and two steps on its tender. There is also evidence that (585) this tender step was too high; that there was but one step 26 inches above the cross-ties and 30 inches from the ground; that it was dangerous, defective, and not a safe appliance; that it had no back to protect the foot from slipping through and no side-guards or pieces to keep the foot from slipping off; that it was a wooden step worn so that it was beveled, which caused it to slant; that the hose used by defendant for sprinkling the coal had been carelessly left above the step; that it was leaking, and the water dripping therefrom had frozen on the step, making it dangerous.
The defendant contended that the plaintiff was guilty of contributory negligence in that he failed to take hold of both grab-irons at the same time, which the defendant contended was the proper way. But it did not contend that the plaintiff had ever been instructed or warned by it to board the train in that way. The defendant also offered evidence that the plaintiff was a rear brakeman and should not have attempted to board the engine or tender, but offered no explanation of the fact that prior to the injury he had frequently ridden on the engine with the conductor without reproof. *Page 472 
Upon all the evidence the case was properly submitted to the jury under a charge which followed our well-settled precedents, and the jury found that there was negligence on the part of the defendant and that the plaintiff was not guilty of contributory negligence.
There was no issue as to assumption of risk, and this Court has held inColey v. R. R., 128 N.C. 534; S. c., 129 N.C. 407, and Biles v. R. R.,139 N.C. 532, that under the fellow-servant law, Revisal, 2646, assumption of risk is not open to the defendant where the injury was proximately caused by defective ways or appliances.
Every phase of the contention of the parties in the case has been so often before the Court, and the judge in his charge and his rulings upon the evidence has so carefully followed the precedents, that it would serve no useful purpose to go over the exceptions in detail (586) and reiterate our former rulings. No new proposition of law nor new application of an old one is presented.
The last exception is that the jury did not remain out more than twenty minutes before bringing in their verdict. The case had doubtless been so fully, carefully, and indeed minutely, presented to their consideration in every aspect by the able counsel in the cause, both in presenting the testimony and in arguing the case, as well as by the lucid instructions of his Honor, that the jury doubtless thoroughly understood the points at issue and did not need more time. Of that they are usually the best judges. We know of no rule by which this Court can estimate the time, or lay down a rule, as to how long a jury shall remain in consultation before bringing in their verdict. Of course, if there was misconduct on the part of the jury or a contemptuous or flippant disregard of their duties in considering a matter submitted to them, the trial judge is intrusted with the power and the duty to rebuke them and either send them back to reconsider the case or to set aside their verdict. But this is a matter which is left to his sound discretion, and cannot be intelligently reviewed by this Court.
No error.