J. R. WHITEHURST, ADMINISTRATOR, V. ATLANTIC COAST LINE
RAILROAD COMPANY.

(Filed 25 September, 1912.)

1. Negligence—Personal Injuries—Wrongful Death—Executors and
Administrators—Abatement of Action.

It is competent for an administrator of a deceased person,
whose death was caused by a personal injury, negligently in-
flicted, to bring an action for damages for the wrongful death,
though the deceased, in his lifetime, had brought his action for
damages for the personal injuries inflicted by the same alleged
negligent act.

2. Railroads—Freight Trains—Passengers—Rule of Employer—Rule
of Company—Conduct—Waiver.

When there is evidence tending to show that the plaintiff's
intestate, an employee, was negligently killed while riding on
defendant railroad company's freight train, a rule of the com-
pany prohibiting passengers from riding on a train of that kind
will not bar a recovery when it is shown that the rule had been
violated so frequently and so openly, and for such a length of
time, that the employers could, with exercise of ordinary care,
have known that it was not observed.

3. Same—Evidence—Nonsuit.

The rules of a railroad company prohibiting passengers from
riding on freight trains should be put in evidence to bar a re-
covery for the wrongful death of one so riding. There being
evidence in this case that the rule had been waived by custom, a
judgment of nonsuit entered by reason of the rule is not sus-
tained.

160—1

APPEAL by plaintiff from *Foushee, J.,* at March Term, 1912, of PITT.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Julius Brown, Ward, Grimes & Pierce for plaintiff.*
*Harry Skinner for defendant.*

CLARK, C. J. The plaintiff's intestate began an action for injuries sustained by the negligence of the defendant. He died before the termination of that action, and, the complaint avers, as a result of said injuries. It was competent for his personal representative to bring this action for wrongful death. *Bolick v. R. R.,* 138 N. C., 372.

There was evidence tending to show that the intestate was injured by the negligence of the defendant, in that the car was dangerous and antiquated; that the train was running at an unusually high rate of speed, and that the track was not in good condition. The defendant in its answer alleged that the plaintiff's intestate was riding on a freight train in violation of rules of the defendant. There was evidence that the plaintiff's intestate was assistant agent at Pactolus.

The plaintiff offered evidence to show that other agents were repeatedly seen riding on the train, with the knowledge of the conductor or trainmaster, notwithstanding the allegation in the answer that it was contrary to the rules of the company to permit any one to ride on such trains. This evidence was rejected by the court. In this there was error. In *Biles v. R. R.,* 139 N. C., 532, it is said: "When a rule has been violated so frequently and so openly and for such a length of time that the employers could, with the exercise of ordinary care, have observed its nonobservance, the rule is considered as waived and abrogated."

The nonsuit, we apprehend, was granted upon the ground that the plaintiff's intestate was wrongfully on the train; but the above evidence, if admitted, would have tended to show that he was rightfully on the train, either as an employee or by permission of the conductor, and that it was the custom for conductors on said road to allow agents, assistant agents, and others

to ride on freight trains. Indeed, this evidence was not contradicted; and even if it had been against the rules of the company, there was no evidence of the fact, for the rule book was not introduced in evidence.

The judgment of nonsuit must be
Reversed.