STATE OF NORTH CAROLINA v. BONNIE LEE DAYE

No. 7214SC418

(Filed 28 June 1972)

**1. Criminal Law § 128— motion for mistrial — cross-examination of defendant**

　　The trial court did not err in the denial of defendant's motion for a mistrial made on the ground that he was prejudiced by questions asked him on cross-examination, where only three of defendant's objections to such questions were overruled, and defendant has offered no reason as to why those rulings were erroneous.

**2. Criminal Law § 128— motion for mistrial after judgment**

　　A motion for mistrial after verdict and judgment comes too late, the proper motion at such time being a motion to vacate the judgment, set aside the verdict, and order a new trial.

APPEAL by defendant from *Cooper, Judge,* 24 January 1972 Session of Superior Court held in DURHAM County.

Defendant was charged in a warrant with the offense of driving a motor vehicle on the public highway while his operator's license was suspended. He was found guilty as charged in District Court and he appealed. In the Superior Court he was tried *de novo* by a jury upon the original warrant and was again found guilty as charged. He has now appealed to this court.

*Attorney General. Morgan, by Associate Attorney Conely, for the State.*

*Newsom, Graham, Strayhorn, Hedrick & Murray, by E. C. Bryson, Jr., for the defendant.*

BROCK, Judge.

Defendant assigns as error that the trial judge denied his motion for mistrial. Defendant argues that he was prejudiced by the questions propounded to him on cross-examination.

[1] An examination of the record on appeal reveals that of the seventeen exceptions, which are grouped under defendant's sole assignment of error, thirteen exceptions are to the Court's action in sustaining defendant's objection to a question propounded by the solicitor. Only three of defendant's objections were overruled, and he offers us no reason as to why these

three rulings were error. The seventeenth exception is to the denial of his motion for mistrial.

[2]   We note that defendant waited until after the jury verdict, the judgment, and the appeal entries, before lodging his motion for mistrial. A motion for mistrial after verdict and judgment comes too late. The proper motion would be a motion to vacate the judgment, set aside the verdict, and order a new trial. In any event, the motion in this case was addressed to the discretion of the trial judge and his ruling will not be disturbed. There was no showing of abuse of discretion.

The State's evidence of defendant's guilt of the offense with which he was charged was unequivocal. Upon the whole record, we conclude there was no prejudicial error.

No error.

Chief Judge MALLARD and Judge CAMPBELL concur.