STATE OF NORTH CAROLINA, PLAINTIFF v. NORRIS C. REID, III, DEFENDANT, IN THE MATTER OF A DOUGLAS C-54D-DC AIRCRAFT, SERIAL #10661, REG. #N-99212 ON PETITION OF JESSE GENE ROGERS

No. 842SC1240

(Filed 17 September 1985)

Judgments § 2.1— judgments signed out of session and out of county—no consent —null and void

A judgment signed out of session and out of county was null and void where the record affirmatively disclosed that the parties did not consent, even though the order stated that it was being signed out of session and out of county with the consent of the parties. There is no authority to support the contention that petitioner impliedly consented to the order being entered out of session and out of county by failing to object to the judge's announcement that he would take the case under advisement.

APPEAL by petitioner from *Bruce, Judge*. Order entered 14 September 1984 in Superior Court, MARTIN County. Heard in the Court of Appeals 28 August 1985.

This proceeding to recover possession of a Douglas C-54D-DC aircraft, was instituted by the petitioner, Jesse Gene Rogers, pursuant to the provisions of N.C. Gen. Stat. Sec. 15-11.1. The following facts are not in controversy. On 13 February 1983, law enforcement officers of the Beaufort County Sheriff's Department seized the aircraft in question which was loaded with approximately 15,000 pounds of marijuana. Several individuals were arrested and pled guilty to drug-related charges.

Pursuant to the provisions of N.C. Gen. Stat. Sec. 90-112(d)(2), the Sheriff of Beaufort County advertised the aircraft for public sale on 27 April 1984. On 26 April 1984, a petition for return of the aircraft was filed by Jesse Gene Rogers, the alleged owner. On 26 April 1984, an order was entered temporarily restraining the sale of the aircraft, and the proceeding came on for hearing before Superior Court Judge R. Michael Bruce in Martin County, by consent of the parties, at the 11 June 1984 session.

After the hearing the judge announced that he would take the case under advisement, and on 14 September 1984, he entered an order based on findings of fact and conclusions of law which dissolved the temporary restraining order, denied Mr. Rogers' petition, and reinstated the order of forfeiture. Petitioner appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Thomas J. Ziko, for the State.*

*Gaskins, McMullan & Gaskins, P.A., by Herman E. Gaskins, Jr., for petitioner, appellant.*

HEDRICK, Chief Judge.

Petitioner first contends that the order signed by Judge Bruce on 14 September 1984 is void because it was signed "out of session and out of county." The record discloses that the proceeding was heard in Martin County, Second Judicial District, during the session of Superior Court beginning 11 June 1984. The case was actually heard 15 June 1984. At the conclusion of the hearing, Judge Bruce stated, "I'm going to take this matter under advisement. We're going to be in recess—we're going to be adjourned." The order was signed by Judge Bruce with the following notation: "Entered this the 14 day of September, 1984, out of session and out of the county by consent of the parties."

The petitioner argues that the parties did not consent to the order being signed out of session and out of county. The State does not contend that the parties consented to the order's being signed out of session and out of county, but instead argues that the petitioner "waived his right to contest the validity" of the order by not objecting to the judge's failure to render a decision before adjourning court.

At the outset we take judicial notice of the fact that on 14 September 1984, R. Michael Bruce was the resident superior court judge of the Eighth Judicial District encompassing Wayne, Greene, and Lenoir counties, and that Martin County is in the Second Judicial District encompassing Martin, Beaufort, Tyrrell, Hyde, and Washington counties. We also take notice that Judge Bruce was assigned to a one week term of criminal superior court in Martin County on 11 June 1984, and that he was assigned to criminal superior court in Lenoir County the week of 10 September 1984.

The general rule governing this case is as follows:

[J]udgments and orders substantially affecting the rights of parties to a cause pending in the Superior Court at term must be made in the county and at the term when and where the question is presented, and our decisions on the subject are to the effect that, except by agreement of the parties or by reason of some express provision of law, they cannot be entered otherwise, and assuredly not in another district and without notice to the parties interested.

*State v. Humphrey*, 186 N.C. 533, 535, 120 S.E. 85, 87 (1923), *quoted in State v. Boone*, 310 N.C. 284, 287, 311 S.E. 2d 552, 555 (1984). When an order is entered out of term and out of county, and without consent of the parties, it is null and void and of no legal effect. *Id.*

While Judge Bruce stated in the order that it was being signed out of session and out of county with the consent of the parties, the record affirmatively discloses that the parties did not consent. The State cites no authority, and we have found none, to support its contention that petitioner impliedly consented to the order being entered out of session and out of county when he failed to object to the judge's announcement that he would take the case under advisement. We are not persuaded by this argument.

We hold the order entered 14 September 1984 outside of Martin County and the Second Judicial District three months after the session of Superior Court when the proceeding was scheduled and heard is void and of no effect, and the order is vacated,

and the cause is remanded to Superior Court, Martin County, for a new hearing on the petition filed 5 June 1984.

Vacated and remanded.

Judges ARNOLD and COZORT concur.