STATE OF NORTH CAROLINA v. JOHN TERRY ABNEY

No. 8526SC881

(Filed 4 March 1986)

**Criminal Law § 134.2— judgment signed out of term—no implied consent—null and void**

An order dismissing the charges against defendant with prejudice was null and void because it was signed twelve days after adjournment of the term in which the motion was heard even though neither party objected nor asked

the judge to render his decision during the term when the judge stated that he would take the matter into consideration.

Judge PHILLIPS dissenting.

APPEAL by the State from *Snepp, Judge.* Order entered 12 March 1985 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 13 January 1986.

This is an appeal by the State from an order dismissing charges against defendant with prejudice. The following facts are not in controversy. On 9 February 1981, defendant was indicted on two counts of felonious breaking and entering and two counts of felonious larceny. Defendant failed to appear for trial on 6 May 1981, whereupon an order for his arrest was issued. On 8 June 1981, the State entered a dismissal with leave to the charges because of defendant's failure to appear and the belief that defendant could not readily be found.

Defendant was arrested in Texas 25 June 1981, and charged with an offense in the state of Texas of which he was subsequently convicted and sentenced to the Texas Department of Corrections. The Assistant District Attorney of Mecklenburg County in charge of defendant's case became aware of defendant's whereabouts around the middle of July 1981, at the earliest, or the middle of August 1981, at the latest. At the request of the Mecklenburg County Sheriff's Department, the Harris County Texas authorities placed a "hold" on defendant and so notified Mecklenburg County.

In November 1981, defendant, then in the custody of the Texas Department of Corrections, prepared a request for trial under the Interstate Agreement on Detainers, forwarded it to the prison authorities, with a request that, after the proper documents had been attached, it be forwarded to the Mecklenburg District Attorney. The Texas prison authorities notified defendant that as of 11 November 1981, no detainer had been filed, but that his request would be forwarded to Mecklenburg County authorities as soon as a detainer was filed. No detainer was ever filed by the district attorney.

Defendant was paroled by the State of Texas on 7 June 1982. In January 1983, defendant returned to the State of North Caro-

lina. On 25 December 1984, defendant was arrested pursuant to the order of arrest issued 6 May 1981.

On 28 February 1985, defendant filed a motion to prohibit the State from prosecuting him on the ground that his constitutional right to a speedy trial has been denied under the sixth and fourteenth amendments to the United States Constitution and under article I, sec. 23 of the Constitution of North Carolina.

The district attorney reinstituted the charges at the time defendant's motion was called for hearing on 28 February 1985. After the hearing on 28 February, Judge Snepp announced, "Let me take this [matter] into consideration." Neither party objected nor requested the judge to render his decision during the term. On 12 March 1985, Judge Snepp entered his order dismissing the charges with prejudice. The State appealed.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General William N. Farrell, Jr., for the State appellant.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Gordon Widenhouse, for defendant appellee.*

JOHNSON, Judge.

By its first Assignment of Error the State contends that the order signed by Judge Snepp on 12 March 1985 is null and void because it was entered out of session without agreement of the parties.

We take judicial notice that Judge Snepp was assigned to hold the 25 February 1985 Schedule D Mixed term of Superior Court, Mecklenburg County. This term of court was scheduled for one week and was not extended. Court was adjourned on 28 February after this case was heard. The order in question was entered 12 March 1985, twelve days after adjournment of the term in which the motion was heard.

In *State v. Boone,* 310 N.C. 284, 311 S.E. 2d 552 (1984), the Court stated that:

[J]udgments and orders substantially affecting the rights of parties to a cause pending in the Superior Court at a term *must be made* in the county and *at the term when and where the question is presented,* and our decisions on the subject

are to the effect that, *except by agreement of the parties* or by reason of some express provision of law, *they cannot be entered otherwise*, and assuredly not in another district and without notice to the parties interested.

*Boone*, at 287, 311 S.E. 2d at 555 (quoting *State v. Humphrey*, 186 N.C. 533, 535, 120 S.E. 85, 87 (1923)) (emphasis ours).

Defendant argues that since neither party objected to Judge Snepp's failure to render a decision during the term, "the trial court reasonably interpreted the silence as consent by both parties to a delay in the decision," even to the extent of rendering the decision out of term.

But for this Court's recent holding in *State v. Reid*, 76 N.C. App. 668, 334 S.E. 2d 235 (1985), we believe that the parties' silence and passive conduct, to wit: failing to request the judge to render a decision during the term or failing to object to the judge's failure to render a decision before adjourning court could reasonably be interpreted as implied consent and agreement for Judge Snepp to take such time as he found appropriate in considering the matter and rendering his decision, even out of term. This is particularly so in light of (a) the judge's statement and (b) knowledge of the parties of their right to have the judge render his decision during the term unless otherwise agreed to by the parties.

In that we are bound to follow the holding in *Reid, supra,* we are compelled to vacate the order in question and remand the case. In *Reid* the trial judge, after conducting a hearing, stated, "I'm going to take this matter under advisement. We're going to be in recess—we're going to be adjourned." *Id.* at 669, 334 S.E. 2d at 235. Neither party objected to the judge's failure to render a decision before adjourning court. This Court held that the parties' failure to object did not constitute implied consent to the order being entered out of term. *Reid, supra.*

The order entered 12 March 1985, twelve days after the term of Superior Court when the matter was scheduled and heard, is null and void. The order is vacated and the cause is remanded to Superior Court, Mecklenburg County, for a new hearing on defendant's petition filed 28 February 1985.

In holding that the order is null and void, we do not reach the State's remaining Assignment of Error.

Vacated and remanded.

Chief Judge HEDRICK concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

I do not believe that this case is controlled by *State v. Reid, supra.* The circumstances here are different and in my opinion tend to show the implied consent of the parties for the judge to sign the order after the term ended.