STATE OF NORTH CAROLINA v. MELVIN KEITH SMITH, Defendant

No. COA99-302

(Filed 5 July 2000)

**Criminal Law— motion for mistrial—treated as motion to set aside verdict—one-year delay**

In an assault with a deadly weapon case where both parties and the trial court considered defendant's motion for a mistrial that requested the Court to take the motion under advisement until after the jury returned its verdict to also constitute a motion to set aside the verdict, the trial court abused its discretion by denying defendant's motion to set aside the verdict following a delay of over one year because the trial judge had vague recollections of the trial.

Appeal by defendant from judgment entered 12 February 1998 by Judge Zoro J. Guice, Jr. in Rutherford County Superior Court. Heard in the Court of Appeals 27 January 2000.

*Attorney General Michael F. Easley, by Assistant Attorney General Jane Ammons Gilchrist, for the State.*

*Teddy and Meekins, P.L.L.C., by David R. Teddy, for defendant-appellant.*

JOHN, Judge.

Defendant challenges the trial court's 5 December 1997 order (the Order) denying "Defendant's Motions For A Mistrial and To Set Aside The Jury Verdict" (defendant's motions) as well as the court's 12 February 1998 judgment (the Judgment). We reverse the trial court's denial of defendant's motion to set aside the verdict.

On 6 November 1995, defendant was indicted in Rutherford County on a charge of assault with a deadly weapon with intent to kill inflicting serious injury. The alleged offense arose out of an incident involving Joe Simmons (Simmons), a neighbor with whom defendant shared a mutually antagonistic relationship. On 23 January 1996, defendant tendered a guilty plea which was subsequently stricken upon the belated discovery of defendant's approximately twenty-year-old similar conviction of firing into an occupied vehicle.

Prior to trial which commenced 13 November 1996, the trial court granted defendant's motion *in limine* to prohibit evidence relating to the earlier conviction. On the evening of 14 November 1996, the day the case was submitted to the jury, The Daily Courier, a local newspaper published in Forest City, printed a front page, lead story pertaining to the trial. Included therein was the following:

> According to the DA's office, Smith had been convicted of firing a weapon into an occupied vehicle in 1978 . . . [and] [b]efore the trial began . . . Judge [Guice] accepted a motion from Smith's attorney to prevent the jury from hearing about the previous conviction.

The following morning, in the absence of the jury, defendant alerted the trial court to the article, asserting that the prominent reference in the county newspaper to defendant's prior conviction, which had been excluded at trial, was inflammatory and highly prejudicial. Defendant then moved for mistrial pursuant to N.C.G.S. § 15A-1061 (1999), but suggested that the court "consider postponing a ruling on the motion until after the jury return[ed] with the verdict." The trial court inquired, "[y]ou're making a motion for a mistrial at this time but requesting that the Court take that under advisement"? Defendant's counsel replied "[y]es, sir." The court indicated it would "take the matter under advisement" and allow the jury to resume deliberations. The jury did so at 9:41 a.m. and returned a verdict of guilty as charged at 10:08 a.m. on 15 November 1996.

STATE v. SMITH

[138 N.C. App. 605 (2000)]

In the absence of the jury, the trial court thereafter indicated it would "proceed on the motion with respect to the jury's verdict and the motion for a mistrial or a motion to set the verdict aside." Defendant requested an individual *voir dire* of the jurors by the trial court regarding the newspaper article. The court complied and several jurors acknowledged the article had been "mentioned" or "discussed" in the jury room, but none admitted having seen or read it.

Upon conclusion of the *voir dire*, the trial court indicated concern over "conflicting statements" by the jurors and determined that "the best thing to do is take this entire matter under advisement" and "consider this whole situation in a little bit calmer atmosphere than I've got here right now." The court thereupon directed the State and defendant to submit briefs and prepare for a second hearing, following which it would resolve defendant's motions. Defendant was permitted to continue under previously imposed terms and conditions of secured pre-trial release.

Further hearing was subsequently conducted 11 July 1997 before the original trial judge, the Honorable Zoro J. Guice, Jr. After receiving evidence and hearing from both the State and defendant, the trial court again took the matter under advisement. On 5 December 1997, the Order was entered denying "Defendant's Motions For A Mistrial and To Set Aside The Jury Verdict" and directing that defendant appear for a sentencing hearing and imposition of judgment.

The sentencing hearing was conducted 12 February 1998. Defendant objected, through a motion for mistrial, that the court lacked authority and power to enter judgment absent an order continuing the 11 November 1996 session of court. In advancing his motion, defendant further asserted the Order was void as having been entered out of session and out of term. The trial court denied the motion and sentenced defendant to minimum and maximum active terms of seventy-five and ninety-nine months respectively. Defendant was denied release pending the instant appeal.

Defendant contends the trial court erred by entering, out of term and out of session and without consent, both the Order and the Judgment, and that, in any event, the court improperly denied his motions. Preliminarily, we note that, although the words are frequently used interchangeably, "term" in this jurisdiction generally refers to the typical six-month assignment of superior court judges to a judicial district, while "session" designates the typical one-week

assignment to a particular location during the term. *Capital Outdoor Advertising v. City of Raleigh*, 337 N.C. 150, 154, 446 S.E.2d 289, 291-92 n.1, 2 (1994).

Defendant relies upon N.C.G.S. § 15-167 (1999), pursuant to which the trial court may continue a session of court "as long as in [it]s opinion it shall be necessary for the purposes of the case," in order to complete a case. G.S. § 15-167. In such instance, the court

> shall cause an order to such effect to be entered in the minutes, which order may be entered at such time as the judge directs, either before or after he has extended the session,

G.S. § 15-167, and orders subsequently entered during the time designated in the court's directive are not subject to a claim of invalidity by reason of having been rendered out of session. *See State v. Boone*, 310 N.C. 284, 288-89, 311 S.E.2d 552, 556 (1984) (citing *State v. Saults*, 299 N.C. 319, 261 S.E.2d 839 (1980)) (order pertaining either to pre-trial or post-trial motions entered out of session and out of term is "null and void and of no legal effect"), and *State v. Reid*, 76 N.C. App. 668, 670, 334 S.E.2d 235, 236 (1985) (citation omitted) (order entered "out of term and out of county, and without consent of the parties, . . . is null and void and of no legal effect"); *see also* N.C.G.S. § 15A-101(4a) (1999) ("judgment is entered when sentence is pronounced"), *Boone*, 310 N.C. at 289-90, 311 S.E.2d at 556 ("[a]lthough G.S. § 15A-101(4a) does not specifically apply to orders . . . the same rule should apply to judgments and orders"; "better practice" is for court to announce "rulings in open court and direct the clerk to note the ruling in the minutes. . . . When the judge's ruling is not announced in open court, the order or judgment containing the ruling must be signed and filed with the clerk in the county, in the district and during the session when and where the question is presented"), *State v. Horner*, 310 N.C. 274, 278-79, 311 S.E.2d 281, 285 (1984) (where trial court passed on motion to suppress in open court during session and in judicial district and later reduced its ruling to writing, signed the order and filed it with the clerk, order was not void as having been entered out of session and out of district), and *State v. Smith*, 320 N.C. 404, 415-16, 358 S.E.2d 329, 335 (1987) (filing, "over six months post-trial, of a written order denying defendant's motion to suppress . . . is simply a revised written version of the verbal order entered in open court" which likewise denied defendant's motion; written version merely "was inserted in the transcript in place of the verbal order rendered in open court");

*but see State v. Crumbley,* 135 N.C. App. 59, 66-7, 519 S.E.2d 94, 99 (1999) ("sentence actually imposed in this case was the [consecutive] sentence[s] contained in the written judgment" as opposed to the concurrent terms contained in oral judgment given in open court).

The State does not maintain the trial court entered an order pursuant to G.S. § 15-167 either at the 11 November 1996 nor 11 July 1997 sessions. Rather the State contends defendant, by failing to object to continuation of either session or to the trial court's taking defendant's motions "under advisement" and by acquiescing in the court's directive to present written briefs and participating in subsequent proceedings, impliedly consented to the trial court's entry of the Order and the Judgment out of session and term. *But see Reid,* 76 N.C. App. at 670, 334 S.E.2d at 236 (Court "not persuaded" by argument that defendant "impliedly consented to . . . order being entered out of session and out of county when he failed to object to the judge's announcement that he would take the case under advisement"); *cf.* N.C.G.S. § 1A-1, Rule 58 (1994) ("consent for the signing and entry" of civil "judgment out of term, session, county and district shall be deemed to have been given" unless express objection made on the record prior to end of session at which matter heard).

We assume *arguendo,* but expressly do not decide, that the Order and Judgment are not invalid by virtue of having been entered out of session and term and thus do not discuss the issue of consent or the implication herein of G.S. § 15-167. However, we do consider whether, under the circumstances *sub judice,* denial of defendant's motion to set aside the verdict following a delay of over one year constituted an abuse of discretion.

Upon bringing the news article to the attention of the trial court at the 11 November 1996 session, defendant moved for mistrial. The court indicated it was taking the motion under advisement and the jury subsequently returned a verdict. The State properly interjects that a trial court may exercise its mistrial authority in a criminal matter only "during the trial," G.S. § 15A-1061, and

> [t]o retroactively declare a mistrial, after the jury had returned a verdict . . . goes far beyond any concurrence which may be implied from the motion [itself],

*State v. O'Neal,* 67 N.C. App. 65, 68, 312 S.E.2d 493, 495 (1984) ("retroactive declaration of a mistrial upon reconsideration has no valid basis in policy or law").

Nonetheless, it is apparent that both the parties and the trial court considered defendant's mistrial motion likewise to constitute a motion to set aside the verdict. *See State v. Spangler*, 314 N.C. 374, 387-88, 333 S.E.2d 722, 731 (1985) (quoting *Urquhart v. Durham and South Carolina Railroad Co.*, 156 N.C. 468, 472, 72 S.E. 630, 632 (1911)) (in criminal case upon "misconduct on the part of the jury," trial court is "intrusted with the power and the duty . . . to set aside their verdict"). For example, immediately following the jury verdict and defendant's renewed argument on possible jury contamination, the court specifically referred, without objection, to defendant's motion as "the motion for mistrial or a *motion to set the verdict aside*" (emphasis added). Moreover, upon conclusion of the *voir dire* questioning of the jurors which followed, the court stated it would take the matter under advisement "until [it] decide[d] whether or not [it would] accept th[e] verdict or not accept [the] verdict." Finally, the Order recited the court's determination that it found "no basis in fact or in law to support the Defendant's Motion For a Mistrial or To Set The Jury Verdict aside," as well as the conclusion that defendant's "Motion For A Mistrial and his Motion To Set Aside The Jury Verdict should be denied."

A motion to set aside a jury verdict may of necessity come only upon return of that verdict. *See State v. Daye*, 15 N.C. App. 233, 234, 189 S.E.2d 584, 585 (1972) (motion for mistrial after verdict of guilty "comes too late" and proper motion would have been to "set aside verdict, and order a new trial"). As with a motion for mistrial, a motion to set aside the verdict is addressed to the discretion of the trial court and such ruling will not be disturbed on appeal absent an abuse of discretion. *Id.*

Nonetheless, even prior to the present criminal and civil procedural codes, our Supreme Court, although in a different context and without the complication present herein of alleged failure to extend the session, expressed a preference for ruling upon a motion to set aside a jury verdict during the session at which the case has been tried:

> [h]earing and determining a motion to set the verdict aside . . . involv[es] . . . incidents of the trial not likely to be impressed upon the memory of the judge that he may safely act upon them after adjournment.

*Goldston v. Chambers*, 272 N.C. 53, 56-7, 157 S.E.2d 676, 678-79 (1967).

The trial court stated in the course of the 15 November 1996 *voir dire*:

> . . . it's a terrible situation we're in because this is *absolutely prejudicial information* and information which was not allowed to be admitted during the trial and here it is on the front page of the newspaper.

(emphasis added).

Immediately following the examination, the court observed that

> [w]hat we've got is conflicting statements from jurors; some of them say that [the article] wasn't mentioned, some of them said that certain jurors mentioned it, those jurors say they didn't.

*See* N.C.G.S. § 8C-1, Rule 606(b) (1999) ("[u]pon an inquiry into the validity of a verdict," jurors "may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention").

Significantly, however, when taking the matter up again upon commencement of the 11 July 1997 hearing, the trial court understandably acknowledged:

> I have a vague recollection of this case and of the trial. There's been a lot of water over the dam since then, Buncombe County, Mecklenburg County, and wherever else. And this is my first chance to look at this file since the last day of that trial.

Nonetheless, following the hearing, the matter once again was taken under advisement.

The trial court ultimately entered the Order denying defendant's motions 5 December 1997, finding, *inter alia*, that "the record is totally and completely devoid of any evidence which would even suggest any prejudice to the Defendant." We are obliged to contrast the foregoing with the court's observations approximately one year earlier immediately following the *voir dire* when its opportunity to assess the credibility of individual jurors was fresh.

In short, in light of the substantial lapse of time between the 11 November 1996 session and the 5 December 1997 entry of the Order, during which time "impress[ion] upon the memory of the [trial] judge" of "incidents of the trial," *Goldston*, 272 N.C. at 56-7, 157 S.E.2d at 678-79, had quite naturally diminished and in the court's word become

"vague," we hold the trial court abused its discretion in denying defendant's motion to set aside the jury verdict. *See Duke Power Co. v. Winebarger*, 300 N.C. 57, 70, 265 S.E.2d 227, 235 (1980) ("[u]nder particular circumstances of [the instant] case, the failure to rule promptly on . . . meritorious objections . . . constituted reversible error"); *see also Sullivan v. Johnson*, 3 N.C. App. 581, 583, 165 S.E.2d 507, 508 (1969) (error for court to fail to rule upon motion to strike made in apt time; "[t]he right to make [such] motion . . . would be an empty one unless it included the right to have the motion ruled upon"). Accordingly, the Order is reversed and the Judgment subsequently entered in reliance thereon vacated, and this matter is remanded to the trial court for a new trial. *See Daye*, 15 N.C. App. at 234, 189 S.E.2d at 584 (following verdict, proper course upon motion to "set aside the verdict" is to "order a new trial").

Reversed in part, vacated in part, and remanded for new trial.

Judges McGEE and HUNTER concur.