J. MACK THOMPSON v. ANDREW GENNETT, N. C. W. GENNETT, JR., AND JULIA G. LAMBETH, PARTNERS, DOING BUSINESS AS GENNETT LUMBER COMPANY AND AS GENNETT OAK FLOORING COMPANY, AND GENNETT OAK FLOORING COMPANY, INC.

(Filed 1 November, 1961.)

**Judgments § 2—**

Where the judge does not enter an order in the cause during the trial term but merely indicates upon the hearing that he would do so, and after adjournment of the term and outside the county and district enters the order without notice to or consent of a party, such order may not stand notwithstanding it states that it is entered *nunc pro tunc.*

APPEAL by plaintiff from an order signed April 22, 1961, in Asheville, North Carolina, in an action pending in YANCEY Superior Court.

A regular two-week term of Yancey Superior Court convened on Monday, March 6, 1961. Honorable W. K. McLean, the Regular Judge holding the courts of the Twenty-Fourth Judicial District for the first six months of 1961, presided. This case was calendared for trial on Wednesday, March 8th.

At the call of the calendar on Monday, March 6th, and after discussion in open court by counsel for plaintiff and defendants, Judge McLean stated it would not, in his opinion, be proper for him to preside at the trial of this case. In explanation, he stated his former law,

firm, while he was a member thereof, was employed to represent and did represent the defendants in this case; and that he had become acquainted to some extent with the facts and circumstances as contended by defendants. Thereupon, Judge McLean "ordered in open Court and in the presence and hearing of said attorneys that this cause be transferred to an adjoining Judicial District for trial and stated that he would sign an order to that effect during the two-weeks term of Court for Yancey County."

No order purporting to transfer the cause was signed during said term. However, on April 22, 1961, in Asheville, North Carolina, Judge McLean signed an order concluding, "This the 6th day of March, 1961, nunc pro tunc," and mailed it. It was received and filed by the Clerk of the Superior Court of Yancey County on April 24, 1961. The order purports to transfer this cause from Yancey Superior Court to Buncombe Superior Court and directs that the Clerk of the Superior Court of Buncombe County "shall calendar this cause for trial at the next available civil term of said Court according to the customs and rules of said Court."

Plaintiff excepted to said order and appealed.

*Anglin & Bailey for plaintiff, appellant.*
*Elmore & Martin for defendants, appellees.*

PER CURIAM. This cause was properly instituted in Yancey County. At said March 6th Term it was for hearing in the superior court upon exceptions to the report (dated January 25, 1961) of a referee. Contracts and transactions with reference to lumber operations in Yancey County are the subject of controversy. Both plaintiff and defendants had excepted to the order of reference; and, in filing exceptions to the referee's report, had tendered issues and demanded a jury trial thereon.

On March 6th, Judge McLean did not, by the announcement then made, purport to transfer the cause to any designated county or to any designated adjoining judicial district. Rather, he indicated he would sign, during the term, a specific order of transfer. He did not do so. Nor did plaintiff consent that such an order might be signed after adjournment of the term.

No order, oral or written, purporting to transfer the cause from Yancey County to Buncombe County was made until Judge McLean signed, in Asheville, N. C., the order of April 22, 1961. This order was made and signed (1) after adjournment of the March 6th Term, (2) outside the county, (3) outside the district, and (4) without notice to or consent of plaintiff or his counsel.

The order signed April 22, 1961, was made "in the discretion of the Court and on the Court's own motion."

The order of April 22, 1961, was signed as follows: "W. K. McLEAN, Judge Presiding, March 6, 1961, Term, Yancey County Superior Court." Absent consent, the judicial authority vested in Judge McLean as Presiding Judge at said March 6th Term terminated upon adjournment thereof. Hence, Judge McLean lacked judicial authority to enter said order of April 22, 1961. Accordingly, the order of April 22, 1961, must be and is vacated. In view of this conclusion, the validity of the purported order of transfer, if it had been entered during the March 6th Term, need not be considered.

Order vacated.