STATE OF NORTH CAROLINA v. JOHNNY THOMAS WILLIAMS.

(Filed 27 March 1968.)

**1. Criminal Law § 162—**

Exceptions to the admission of evidence are deemed waived if not taken in apt time during the trial, and a motion to strike testimony to which no objection was aptly made is addressed to the discretion of the trial court and its ruling thereon is not reviewable in the absence of an abuse of discretion.

**2. Same—**

G.S. 1-206(3) provides that no exception need be taken to any ruling upon an objection to the admission of evidence, but the statute does not do away with the necessity of making an objection to the ruling of the court.

**3. Same—**

A motion to strike the testimony of a State's witness without directing the trial court's attention to any specific evidence deemed incompetent or prejudicial is ineffectual.

**4. Same—**

Failure of defendant to object on trial to testimony concerning defendant's identification at a police line-up is assumed to be trial strategy on the part of defendant's counsel, since every competent trial lawyer in this State knows that the failure to object to evidence is ordinarily a waiver.

**5. Criminal Law § 66; Constitutional Law § 32—**

Evidence in this case *held* sufficient to show that defendant freely, understandingly and voluntarily waived his right to counsel at a police identification line-up.

**6. Criminal Law § 104—**

On motion to nonsuit, the evidence must be considered in the light most favorable to the State.

**7. Robbery § 4—**

Evidence in this case *held* sufficient to be submitted to the jury on the issue of defendant's guilt of armed robbery in violation of G.S. 14-87.

**8. Criminal Law § 114—**

A remark of the court to the jury, "You may retire now, that was just a legal technicality I forgot to tell you about," while not approved, is deemed not to constitute an expression of opinion by the trial court.

**9. Criminal Law § 167—**

A new trial will not be granted for mere technical error which could not have affected the result, but only for prejudicial error amounting to the denial of a substantial right.

APPEAL by defendant from *Bickett, J.,* October 1967 Second Regular Criminal Session of the Superior Court of WAKE County.

Criminal prosecution upon a bill of indictment charging the defendant with armed robbery in violation of G.S. 14-87.

The bill charges that on 18 August 1967 the defendant with the use and threatened use of a pistol endangered and threatened the life of Allen Bruce Wood and robbed him of $126.

Defendant, an indigent person, was represented at his trial in the Superior Court and in this Court by Ralph McDonald, his court-appointed attorney.

Trial was by jury upon his plea of not guilty. The jury returned a verdict of guilty of armed robbery as charged in the bill of indictment.

From a judgment of imprisonment in the State's prison for a term of not less than fifteen years nor more than twenty years, the defendant appeals to the Court of Appeals.

*Attorney General T. W. Bruton and Deputy Attorneys General Harry W. McGalliard and James F. Bullock for the State.*

*Ralph McDonald for the defendant.*

MALLARD, C.J. Defendant asserts three assignments of error. First, that the trial court committed error by refusing to strike the testimony of the State's witness, Allen Bruce Wood. Second, that the trial court committed error in denying defendant's motion for judgment as of nonsuit made at the close of all the testimony. Third, that the court committed error in its charge to the jury.

In order to understand the first two assignments of error, it is necessary to view the evidence.

Allen Bruce Wood testified on direct examination that: On 18 August 1967 he worked at Shorty Pearce's Shell Station and saw the defendant come into this place of business at about 10:30 p.m. and purchase a bottled drink. The defendant remained there until the other customers left the building, and then the defendant put a 22-

caliber pistol against the ribs of the witness Wood and told him that he wanted everything in the cash register. The defendant told the witness Wood that if he tried anything that he, the defendant, would fill him full of holes. The defendant got $126 out of the cash register and then made the witness Wood go into the men's rest room and instructed him not to stick his head out for five or ten minutes. At that time the defendant had been in the place of business for fifteen or twenty minutes. After about five minutes, the witness Wood came out of the rest room, called the police, and the next time he saw the defendant was on 3 September in the jail part of Central Prison in Raleigh in a line-up with about seven other people. After completing the direct examination of the witness Wood, the solicitor turned him over to the defendant for cross-examination. There had been no objection to any question asked the witness Wood by the solicitor. At that time and before cross-examination, the defendant made a motion to strike the testimony of the witness without stating any reasons. The court denied the motion and the defendant excepted.

M. L. Stephenson, a State's witness, testified that he was a detective with the Raleigh Police Department and that he arrested the defendant in this case on 2 September 1967. He further testified that he placed the defendant in a line-up of six people in the Wake County Jail on 3 September and requested the witness, Allen Bruce Wood, to view the men in the line-up; that Allen Bruce Wood identified the defendant as the man who had robbed him. He further testified that prior to the time of placing the defendant in the line-up, he had advised the defendant of his constitutional rights to have a lawyer, before and during the line-up. That the defendant stated that he did not want any counsel, that he had not committed any crime and did not mind standing in a line-up.

The defendant did not object to any of this testimony relating to the line-up given by the witness Stephenson on direct examination, did not object to any question asked the witness Stephenson on direct examination, and did not move to strike it or any portion thereof at any time.

Kenneth Dunn, a witness for the defendant, testified that he is a brother-in-law of the defendant, and that on the night of 18 August 1967 he and the defendant were together from about 9:00 p.m. until about 3:00 a.m. the next morning, when they left to go to the beach together. The witness Dunn testified that during that time he and the defendant were at places other than Shorty's Shell Station.

Marjorie Williams, wife of the defendant, testified that her husband was with her on the night of 18 August at her mother's house and at her house from about 9:40 p.m. until they left to go to the

beach early the next morning, except when her husband and brother, Kenneth Dunn, left her mother's house for about ten or fifteen minutes around 10:00 p.m.

The defendant testified that he and his brother-in-law were together on the night of 18 August 1967; that he and his brother-in-law were at his house and at his mother-in-law's house that night, except on one occasion. They rode around the block, drank a beer, and then took his wife to her mother's home. Afterwards, he and his brother-in-law "parked the car and went to walking the block." They left to go to the beach at about 3:00 a.m. the next morning. The defendant testified on cross-examination that he had never seen the State's witness, Allen Bruce Wood, until the night in jail when the witness Wood identified him; that he stood in a line-up, but the prosecuting witness did not look at anybody else but him and walked straight to him.

There was no objection to the questions asked the defendant with respect to the line-up. There was no motion to strike the answers to the questions concerning the matter of the prosecuting witness identifying the defendant in jail. There is nothing in the record to indicate that the defendant made any objection in the trial or motion to strike the evidence on the grounds that he did not have a lawyer at the time he was identified by the prosecuting witness in jail. This question is raised for the first time in the defendant's brief.

"The general rule in criminal and civil cases is that exceptions to the evidence must be taken in apt time during the trial; if not, they are waived. (citing cases.) It is too late after the trial to make exceptions to the evidence. (citing cases.) These cases were decided prior to 1949. Ch. 150, S.L. 1949, now codified as G.S. 1-206(3), is clear and plain. This statute provides that no exception need be taken to any ruling *upon an objection* to the admission of evidence, but it does not do away *with the necessity of making an objection* to the ruling of the court. (citing cases.)" *State v. Howell*, 239 N.C. 78, 79 S.E. 2d 235. See also, *State v. Ayscue*, 240 N.C. 196, 81 S.E. 2d 403.

In *State v. Jenkins*, 234 N.C. 112, 66 S.E. 2d 819, Chief Justice Stacy stated: "Nor can the defendant's challenge to the validity of the search warrant be sustained. In the first place, it may be doubted whether the defendant properly presents his challenge. The evidence in respect. to the validity of the warrant seems to have been offered without objection. The only exception is to the refusal to strike it out. This was a matter addressed to the sound discretion of the trial court." In *State v. Hunt*, 223 N.C. 173, 25 S.E. 2d 598, the Supreme Court said:

"An objection to testimony not taken in apt time is waived. *S. v. Merrick*, 172 N.C. 870, 90 S.E. 257. Afterward, a motion to strike out the testimony, to which no objection was aptly made, is addressed to the discretion of the trial judge, and his ruling in the exercise of such discretion, unless abuse of that discretion appears, is not subject to review on appeal."

There is no contention in this case that there was an abuse of discretion on the part of the trial judge.

In this case there was no objection to the admission of evidence as to the identification of the defendant by the prosecuting witness. This was testified to three different times by three different witnesses, including the defendant, and the only time there was a motion to strike was after the prosecuting witness testified. There was no objection to and no motion to strike the testimony as to the identification of the defendant by the prosecuting witness when the officer testified to it. There was no objection to and no motion to strike the testimony as to the identification of the defendant by the prosecuting witness when the defendant testified to it on cross-examination. It is a well-established rule in North Carolina even when evidence is admitted over objection, but the same evidence has theretofore or thereafter been admitted without objection, the benefit of the objection is lost. Stansbury, N. C. Evidence, § 30, at 56-57 (2 ed. 1963).

The evidence of the prosecuting witness would indicate that he first identified the defendant when he was being robbed and that he identified him in jail and in court the second and third times.

The defendant's defense was one of alibi, and the evidence is that the defendant told the officer after being warned of his rights that he did not mind being in a line-up. There is no contention made that he did not freely and voluntarily stand in the line-up. This record indicates that the second and third identifications of the defendant were the direct result of the identification made by the prosecuting witness at the time the crime was committed.

It is logical to conclude that the failure of the defendant to object to the questions concerning the line-up identification was trial strategy on the part of counsel for the defendant. In *Wilson v. Bailey*, 375 F. 2d 663, we find these words:

"We may judicially notice that every competent trial lawyer in North Carolina knows that the contemporaneous objection rule obtains in this State, *i.e.*, that failure to object to evidence is ordinarily a waiver. See Stansbury, North Carolina Evidence, § 27, at 59-52 (2 ed. 1963).

"Unlike the situation in *Henry v. State of Mississippi*, 379 U.S.

443, 85 S. Ct. 564, 13 L. Ed. 2d 408 (1965), there was here no motion for directed verdict on the ground of an illegally obtained incriminating statement which can be said to have notified the trial judge of the possibility of an unconstitutional trial. At no time during the entire trial was the judge's attention directed or invited to the question of whether unlawfully obtained evidence had been received."

In this case, while there was a motion to strike all of the testimony of the witness Wood, there appears nothing in the record that the judge's attention was directed or invited to the question of whether any specific evidence had been unlawfully obtained or that the defendant was in any way prejudiced by what occurred at the line-up.

We think that entirely aside from the failure to object, the record indicates that the defendant freely, understandingly and voluntarily waived his right to counsel at the so-called line-up.

We, therefore, hold that the trial court properly refused to strike the testimony of the State's witness, Allen Bruce Wood.

The defendant's second assignment of error, that the trial court committed error in denying his motion for judgment as of nonsuit, is without merit and is overruled. There was ample evidence of the identity of the defendant as being the man who robbed the prosecuting witness. He was positively identified by the State's witness in court. On motion to nonsuit, the evidence must be considered in the light most favorable to the State. 2 N. C. Index 2d, Criminal Law, § 104.

We have carefully reviewed the charge, and when it is considered as a whole, no prejudicial error appears from the one sentence complained of by the defendant and to which the defendant excepts. Although the phraseology is not approved, the jury could not have been misled; and the sentence, "You may retire now, that was just a legal technicality I forgot to tell you about," which the defendant complains of, does not in any way express an opinion or in any way prejudice the defendant, and we hold that the defendant's assignment of error to the charge of the court should be overruled and denied. A new trial will not be granted for mere technical error which could not have affected the result, but only for error which is prejudicial, amounting to the denial of a substantial right. 1 N. C. Index 2d, Appeal and Error, §§ 47 and 50.

In the trial we find

No error.

BROCK and BRITT, JJ., concur.