STATE OF NORTH CAROLINA v. HOSEA BARNARD NORMAN

No. 9026SC316

(Filed 20 November 1990)

**1. Searches and Seizures § 8 (NCI3d) — strip search and pubic combing — not unconstitutional**

Defendant in a prosecution for crime against nature, first degree sexual offense, and kidnapping was not subjected to an unconstitutional search where two young boys informed a patrol officer that defendant had forced them at gunpoint to walk into a wooded area and to commit certain sexual acts; officers were informed by a doctor that the boys had injuries consistent with their statements; defendant agreed to come to the Law Enforcement Center where officers advised him of his *Miranda* rights; after officers arrested defendant without a warrant, a crime scene technician strip searched defendant without a warrant and obtained pubic hair combings; a pubic hair was tested and found consistent with the pubic hair of one of the victims; and the trial court allowed the State to present the evidence at trial. Defendant concedes that the search was made after he had been arrested upon probable cause, both the North Carolina and U. S. Constitutions allow a search incident to lawful arrest, and the strip search and combing of pubic hair were reasonable because the evidence could easily be concealed or destroyed.

**Am Jur 2d, Searches and Seizures §§ 43, 93, 99, 105.**

**Fourth Amendment as prohibiting strip searches of arrestees or pretrial detainees. 78 ALR Fed 201.**

**2. Searches and Seizures § 44 (NCI3d) — motion to suppress evidence — no findings — no error**

The trial court did not err by failing to make findings of fact when denying defendant's motion to suppress a pubic hair in a prosecution for crime against nature, first degree sexual offense, and first degree kidnapping because there was no conflict in the evidence presented to the judge at the hearing on the motion to suppress. Although findings of fact are preferred, the trial judge may admit the challenged evidence

STATE v. NORMAN

[100 N.C. App. 660 (1990)]

without specific findings when there is no material conflict of the evidence presented.

**Am Jur 2d, Evidence § 412.**

**3. Rape and Allied Offenses § 7 (NCI3d) — first degree sexual offense — mandatory life sentence — not cruel and unusual**

The Supreme Court of North Carolina has repeatedly rejected the argument that a life sentence for first degree sexual offense is cruel and unusual punishment and such an assignment of error in this case was without merit.

**Am Jur 2d, Criminal Law § 629; Sodomy §§ 97, 98.**

**Sufficiency of allegations or evidence of serious bodily injury to support charge of aggravated degree of rape, sodomy, or other sexual abuse. 25 ALR4th 1213.**

APPEAL by defendant from a judgment entered 7 August 1989 in Superior Court, MECKLENBURG County by *Judge Kenneth A. Griffin*. Heard in the Court of Appeals 24 October 1990.

Defendant was charged with two counts of crime against nature, two counts of first degree sexual offense, and two counts of first degree kidnapping. Defendant was found guilty of one count of crime against nature, two counts of first degree sexual offense, and two counts of first degree kidnapping. The court arrested judgment on the kidnapping convictions, and sentenced the defendant to life imprisonment for the two convictions of first degree sexual offense, and sentenced the defendant to a consecutive term of three years for crime against nature. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General R. Dawn Gibbs, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Mark D. Montgomery, for defendant-appellant.*

LEWIS, Judge.

The three issues presented on appeal relate to 1) whether the defendant was subjected to an unreasonable search and seizure when, after his arrest, the police strip searched him and combed through his pubic hair, 2) whether the evidence of a pubic hair should be suppressed due to the trial judge's failure to make find-

ings of fact at the suppression hearing, and 3) whether the defendant's life sentences for two convictions of first degree sexual offense constitutes cruel and unusual punishment within the meaning of the North Carolina Constitution and the United States Constitution.

[1] At a hearing to suppress evidence of a hair found in the defendant's pubic area, the State offered evidence that two young boys informed a patrol officer that the defendant had forced them at gunpoint to walk into a wooded area and to commit certain sexual acts. The boys identified the defendant by name as the perpetrator, and stated that they knew him from their neighborhood. In their statement to a patrol officer, the boys alleged that the defendant repeatedly sodomized them and forced one of them to engage in an act of oral sex with the defendant. Before interviewing the defendant, officers were informed by a doctor that the boys had injuries consistent with their statements about having been sodomized.

The State also put on evidence that the defendant agreed to come to the Law Enforcement Center where officers advised him of his Miranda rights. After the officers arrested the defendant, without an arrest warrant, the crime scene technician strip searched him without a search warrant. During the strip search, the technician obtained pubic hair combings. A pubic hair was tested and was found consistent with the pubic hair of one of the victims. Finding that the taking of the hair samples was not in violation of the defendant's constitutional rights, the trial judge allowed the State to present the evidence of the hair at trial.

The first issue before this Court concerns the constitutionality of the strip search of the defendant. The defendant contends that the State was required to have a warrant before searching the defendant's pubic region, unless the search was conducted under exigent circumstances and with probable cause. The defendant denies that there was either probable cause to search or exigent circumstances.

An arrest without an arrest warrant is valid under the United States Constitution and the North Carolina Constitution when the officers have probable cause to make the arrest. *State v. Streeter*, 283 N.C. 203, 207, 195 S.E.2d 502, 505 (1973). Here the defendant concedes the search was made after he had been arrested upon probable cause. We hold the search was not tainted by an unlawful arrest.

STATE v. NORMAN

[100 N.C. App. 660 (1990)]

Both the North Carolina Constitution and the United States Constitution allow a search incident to a lawful arrest. *State v. Zuniga*, 312 N.C. 251, 322 S.E.2d 140 (1984); *Chimel v. California*, 395 U.S. 752, 23 L.Ed.2d 685, *reh'g denied*, 396 U.S. 869, 24 L.Ed.2d 124 (1969). "[T]he Fourth Amendment precludes only those intrusions into privacy of the body which are unreasonable under the circumstances." *State v. Cobb*, 295 N.C. 1, 20, 243 S.E.2d 759, 770 (1978) (citations omitted). In *Cobb*, the defendant was arrested for rape and strip searched. Shortly after his arrest, a hair sample was taken from the defendant's pubic hair region without a search warrant. The North Carolina Supreme Court held that under the circumstances, the nature and extent of the search was reasonable, and therefore, did not violate any of the defendant's constitutional rights. *Id*. We find *Cobb* controlling as to the search in this case. Here, as in *Cobb*, the evidence could be easily concealed or destroyed. Thus, it was reasonable under the circumstances to strip search the defendant and comb through his pubic hair.

[2] The defendant's second assignment of error addressed in defendant's brief is that the trial court failed to make findings and conclusions regarding the denial of the motion to suppress. N.C.G.S. § 15A-977(d) requires findings of fact if the motion to suppress is not determined summarily.

There was no conflict in the evidence presented to the trial judge at the hearing on the motion to suppress the hair. The trial judge's entire ruling was "that the taking of the hair samples was not a violation of the defendant's constitutional rights and did not interfere in his person for any extended period or subject him to any hardship, and that Motion to suppress is DENIED, on behalf of the defendant."

When there is no material conflict in the evidence presented at a motion to suppress evidence, the trial judge may admit the challenged evidence without specific findings of fact, although findings of fact are preferred. *State v. Phillips*, 300 N.C. 678, 685, 268 S.E.2d 452, 457 (1980) (citations omitted). "In that event, the necessary findings are implied from the admission of the challenged evidence." *Id*. (Citing *State v. Whitley*, 288 N.C. 106, 215 S.E.2d 568 (1975) ). The trial judge did not err by failing to make findings of fact when he denied the defendant's motion to suppress.

[3] The defendant's third assignment of error addressed in his brief is that the mandatory life sentence for first degree sexual

offense constitutes cruel and unusual punishment under the State and Federal Constitutions. The Supreme Court of North Carolina has repeatedly rejected the argument that a life sentence for first degree sexual offense is cruel and unusual punishment. *State v. Higginbottom*, 312 N.C. 760, 763, 324 S.E.2d 834, 837 (1985). This assignment of error is without merit.

No error.

Judges WELLS and COZORT concur.