STATE OF NORTH CAROLINA v. JOHN MARVIN TRENT

No. COA03-1019

(Filed 7 September 2004)

### Criminal Law; Searches and Seizures— motion to suppress— order entered out of term and out of session

The trial court erred in a robbery with a dangerous weapon case by denying defendant's motion to suppress seized evidence where the order was entered out of term and out of session, and defendant is entitled to a new trial, because: (1) an order of a superior court in a criminal case must be entered during the term, during the session, in the county, and in the judicial district where the hearing was held, and an order entered in violation of these requirements is null and void and without legal effect absent consent of the parties; (2) in the instant case, the trial court did not make a ruling on the motion in court during the term and the State admitted that the court entered the order after the term had expired; (3) even though the evidence of guilt was overwhelming, the question of prejudice to defendant is never reached when the order denying the motion to suppress was null and void and of no legal effect; and (4) even though defendant did not raise this issue at trial, jurisdictional questions which relate to the power and authority of the court to act in a given situation may be raised at any time.

Judge LEVINSON dissenting.

Appeal by defendant from judgment entered 28 August 2002 by Judge W. Osmond Smith, III, in Caswell County Superior Court. Heard in the Court of Appeals 29 April 2004.

*Attorney General Roy Cooper, by Assistant Attorney General John G. Barnwell, for the State.*

*Everett & Hite, L.L.P., by Kimberly A. Swank, for defendant appellant.*

McCULLOUGH, Judge.

Defendant John Marvin Trent was charged with robbery with a dangerous weapon. The State's evidence tended to show that Sayed Rawi operated a convenience store located across from the Casville

Volunteer Fire Department in Caswell County. He knew defendant and Steven Brown (Brown) because the men were regular customers. On 8 May 2001, the two men entered the convenience store at about 10:00 p.m. Defendant had a handgun, and Brown had a shotgun. Both men demanded money. Rawi complied with this request and gave the men some money. However, shortly thereafter, Brown took the barrel of his shotgun and hit Rawi in the head. At the time, defendant and Brown were wearing masks. However, the masks were too large for the suspects' faces, and Rawi could "see everything."

After defendant and Brown left, Rawi called 911. Deputy John Loftus reached the convenience store about five minutes after learning about the robbery. At that time, Rawi told Deputy Loftus that defendant and Brown were the perpetrators. Deputy Loftus then received a call indicating that law enforcement officers stopped the suspects. Deputy Loftus escorted Rawi to the stopped vehicle, and Rawi identified the suspects without hesitation.

Defendant received and waived his *Miranda* warnings. Initially, defendant denied any involvement in the robbery. Deputy Loftus noticed a ski mask with a white surgical mask attached over the mouth sitting in plain view in the back of the vehicle. Deputy Loftus also searched the vehicle and found $171.00 in cash.

Defendant's mother, Jean Trent, arrived at the scene. She took Deputy Eugene Riddick to her home where Deputy Riddick seized a shotgun and a pistol. He found the shotgun in defendant's closet and the pistol under defendant's mattress. Jean Trent also stated that she was "tired of covering up for John with guns at the house."

Officer Robert Pearson of the North Carolina Highway Patrol was in his vehicle when he received a "BOLO" (be on the lookout) for suspects in a convenience store robbery. Officer Pearson stopped at the store and learned that the two suspects, a black male and a white male, had fled on foot. After getting into his car and driving onto Ashland Road, Officer Pearson saw a car slow down and stop beside his patrol car. Officer Pearson thought that the occupants had information, but he became suspicious after the car began to move away. Officer Pearson followed the vehicle and the driver stopped near the shoulder of the road.

As Officer Pearson stopped his car, Deputy Riddick arrived. Officer Pearson approached the black male driver, while Deputy Riddick approached the white male passenger. Officer Pearson

noticed that the driver was sweating, even though it was not hot that evening. He believed that the driver must have been engaged in some kind of physical activity because the driver was sweating so profusely.

Defendant offered evidence including testimony from his father, Clyde Trent. Clyde Trent testified that the pistol was his. He also indicated that the gun was jammed, and often a shell would not go into the chamber.

Danielle Kirby testified that she is Steven Brown's girlfriend. She owned the vehicle that Brown was driving on 8 May 2001. Kirby testified that she worked at a restaurant and that Brown was going to pick her up when her shift ended. Kirby testified that she kept her tip money in the vehicle's glove compartment until Brown decided to hide it in a tissue box. Finally, Kirby mentioned that on 8 May 2001, the amount would have been almost $200.00, but she was not sure about the exact amount. On 28 August 2002, the jury found defendant guilty as charged. Defendant appeals.

On appeal, defendant argues that the trial court erred by denying defendant's motion to suppress where the order was entered out of term and out of session. We agree and conclude that defendant is entitled to a new trial.

"[A]n order of the superior court, in a criminal case, must be entered during the term, during the session, in the county and in the judicial district where the hearing was held." *State v. Boone*, 310 N.C. 284, 287, 311 S.E.2d 552, 555 (1984). Absent consent of the parties, an order entered in violation of these requirements is null and void and without legal effect. *Id.*

Our Supreme Court has considered this issue previously and has reached different conclusions based on the circumstances of each case. Defendant claims that he is entitled to a new trial based on the Court's decision in *Boone*, while the State contends that *State v. Horner*, 310 N.C. 274, 311 S.E.2d 281 (1984) is controlling.

We believe that the decision in *State v. Palmer*, 334 N.C. 104, 431 S.E.2d 172 (1993) clarifies the difference between *Boone* and *Horner*. As interpreted by the *Palmer* Court, *Boone* stands for the proposition that an order is a nullity if "the judge d[oes] not make a ruling on the motion *in court* during *the term*, but sign[s] the order after the term ha[s] expired." *Id.* at 108, 431 S.E.2d at 174 (emphasis added). In contrast, the trial judge in *Horner* made a ruling on the motion "in open

court during the term[] at which the motion[] [was] heard." *Id.* Thus, the fact that the written order was filed after the term concluded did not invalidate it. *Id.* at 108-09, 431 S.E.2d at 174.

In the present case, the motion to suppress hearing commenced on 11 October 2001. The hearing was continued and resumed on 17 January 2002. On that date, the trial judge stated: "Rather than rule on this right now, I'm going to review the evidence presented in greater detail, consider the authority argued and submitted by the parties and give you a ruling subsequently." At the end of his remarks, the judge stated, "I will try to get you a ruling as soon as I reasonably can after giving it thorough consideration." Thus, at that stage of the litigation, there was no ruling in open court during the Spring 2002 Term.

The judge held no further proceedings until 26 August 2002. This was seven months after the prior hearing. More importantly, it occurred during a new term which began in the Fall of 2002. *See State v. Smith,* 138 N.C. App. 605, 607-08, 532 S.E.2d 235, 237 (2000) (explaining that " 'term' in this jurisdiction generally refers to the typical six-month assignment of superior court judges to a judicial district, while 'session' designates the typical one-week assignment to a particular location during the term"), *disc. review improvidently allowed,* 353 N.C. 355, 543 S.E.2d 477 (2001). It was at this 26 August 2002 hearing that the court first announced, on the record and in open court, that defendant's motion to suppress was denied. Further, the State acknowledges that the written order was not filed until 21 August 2003 which was "out of session and term as those categories are traditionally defined."

Based on the principles set forth in *Boone* and *Horner,* we must conclude that this order was a nullity. As was the case in *Boone,* the judge in the present case did not make a ruling on the motion *in court during the term.* Furthermore, the State admits that the court entered the order after the term had expired.[1] While we do not intend to emphasize form over substance, the circumstances of this case and the prior decisions of our appellate courts compel the result we reach today. The proper remedy is to grant defendant a new trial. *Boone,* 310 N.C. at 295, 311 S.E.2d at 559.

---

1. Although the judge stated that he informed the parties of his decision before announcing it on 26 August 2002, nothing in the record indicates that this was done in open court or during the Spring 2002 Term. As we have indicated, for the order to be valid, the ruling must be made in open court during the term in which the motion was heard. *Palmer,* 334 N.C. at 108, 431 S.E.2d at 174.

STATE v. TRENT

[166 N.C. App. 76 (2004)]

The dissent suggests that the overwhelming evidence of defendant's guilt should require this Court to assess the record for prejudice before we order a new trial. In *Boone*, defendant was arrested after the police stopped his vehicle and discovered over 10 pounds of marijuana in the trunk. *Id.* at 285-86, 311 S.E.2d at 554. Even though the evidence of guilt was likewise overwhelming, our Supreme Court stated that the order denying the motion to suppress "being null and void and of no legal effect . . . the question of prejudice to the defendant is never reached." *Id.* at 289, 311 S.E.2d at 556. Since our Supreme Court has previously determined that a new trial should be awarded without looking to determine prejudice, we have no authority to set out a different analysis today.

Finally, the State argues that defendant may not make this objection on appeal because he failed to raise it at trial. However, our Supreme Court expressly rejected this position in *Boone* and noted that "[j]urisdictional questions which relate to the power and authority of the court to act in a given situation may be raised at any time." *Id.* at 288, 311 S.E.2d at 556.

For the reasons mentioned herein, defendant is entitled to a

New trial.

Judge HUDSON concurs.

Judge LEVINSON dissents.

LEVINSON, Judge, dissenting.

The majority holds that, because the trial court's order denying the motion to suppress is a nullity, defendant is entitled to a new trial. I agree that, on the record before us, the order appears to be a nullity. I do not agree, however, that the outcome of defendant's trial was prejudiced by the trial court's technical error in failing to enter an order at the right time and in the right place. Rather, it is my view that defendant received a fair trial, free of prejudicial error.

Defendant made two pre-trial motions to suppress evidence. One motion sought to have the trial court suppress any identification evidence provided by the victim, Sayed Rawi, on the ground that the evidence was the product of an impermissibly suggestive show-up procedure. The other motion sought to have the trial court suppress the statement defendant made to police officers after his arrest, along

with any evidence obtained as a result of defendant's statement.[2] A superior court judge conducted a hearing and heard evidence on these motions to suppress.

At a later time, the motions were denied by the same superior court judge who conducted the hearing. Prior to the empaneling of the jury, the judge made the following statement in open court:

> [T]he defendant and co-defendant in this case . . . previously made prior motions to suppress evidence related to identification procedures and evidence related to a search, and the Court conducted the hearing pretrial <u>and has previously notified counsel for the State and the defendant of the Court's ruling in denying that. Those motions . . . were put on the record at an earlier time,</u> and the Court will put that in the Court's written order with findings of fact and conclusions of law.

(emphasis supplied). This statement by the trial judge raises a question as to whether the ruling on the motions was made in term and in session. Affording the trial court an opportunity to clarify this statement on remand would, at a minimum, be preferable to a wholesale reversal of this conviction.[3]

According to the majority, the dispositive issue is merely whether the trial judge failed to enter an order in term and in session; the effect that the impotent order has on defendant's ability to have a fair trial goes unconsidered. Of course, it is true that prejudice to the defendant is not a consideration when deciding whether an order is a nullity. *See State v. Boone*, 310 N.C. 284, 288-98, 311 S.E.2d 552, 556 (1984). It makes little sense, however, to reverse the conviction at issue because an order entered in the case is void without regard to whether the outcome of defendant's trial was prejudiced. The North Carolina Supreme Court decisions cited by the majority do not require a reversal in this case on such technical grounds, and this Court has held that the dispositive issue in such a situation is whether the trial court's technical error prejudices the defendant:

> Unless an oral ruling is made in open court, *State v. Horner*, 310 N.C. 274, 279, 311 S.E.2d 281, 285 (1984), an order substantially

---

2. Defendant's written motion to suppress did not specify what evidence was alleged to have been obtained as a result of defendant having made the statement.

3. It bears mentioning that the trial court's apparent error amounts to a failure to follow a statutory requirement that does not, in and of itself, implicate constitutional concerns.

affecting the rights of parties to a cause pending in the superior court at a term must be made in the county and at the term when and where the question is presented, and, except by agreement of the parties, may not be entered otherwise. *State v. Boone*, 310 N.C. 284, 287, 311 S.E. 2d 552, 555 (1984). An order entered contrary to this rule is a nullity, *id.* at 286, 311 S.E.2d at 555, and entering an order *nunc pro tunc* does not change this result. *Thompson v. Gennett*, 255 N.C. 574, 122 S.E.2d 205 (1961). However, while prejudice to the defendant is not a factor affecting the nullity of the order, *State v. Boone*, 310 N.C. at 288, 311 S.E. 2d at 556, it is a factor determinative of defendant's right to a new trial. *See State v. Partin*, 48 N.C. App. 274, 283, 269 S.E.2d 250, 255, *disc review denied and appeal dismissed*, 301 N.C. 404, 273 S.E.2d 449 (1980)[.]

*State v. Mandina*, 91 N.C. App. 686, 693, 373 S.E.2d 155, 160 (1988) (emphasis supplied) (upholding an untimely entered denial of motion to change venue).

The majority reads *State v. Boone* as establishing a broad rule that any time an order denying a motion to suppress is entered out of term and out of session and a new hearing on the motion is not held, any conviction resulting from defendant's trial must automatically be reversed. Read closely and in context, *Boone* does not require a reversal in the case at hand.

In *Boone*, the defendant was convicted and imprisoned for felonious possession of more than one ounce of marijuana. *Boone*, 310 N.C. at 285, 311 S.E.2d at 553. The basis of this conviction was ten pounds of marijuana seized from the trunk of the defendant's car. *Id.* at 286, 311 S.E.2d at 554. Defendant made a pre-trial motion to suppress, which was denied by a Judge Peele out of term and out of session. *Id.* at 288, 311 S.E.2d at 555. At defendant's trial, which was held before a different judge, Judge Strickland, defendant argued that the denial of his motion was a nullity and renewed his motion to suppress; this motion was denied without a hearing. *Id.* at 286, 311 S.E.2d at 554. Significantly, the defendant in *Boone* never received a valid ruling on his motion to suppress by a judge who had actually heard the evidence pertaining to that motion. Logically, the Supreme Court required a new trial.

In so doing, the Supreme Court rejected the State's argument that an order is not a nullity unless it is entered out of term and out of session and the defendant suffers prejudice. *Id.* at 288-89, 311 S.E.2d at

556. Specifically, the Court held that if an order is entered out of term and out of session, the order is a nullity, and prejudice is not a consideration in determining the threshold question of whether the order itself is void: "[T]he critical decision, the ruling of the court . . . was not made . . . until after the session had ended. That Order being null and void and of no legal effect . . . the question of prejudice to the defendant is never reached." *Id.* In my view, the proper reading of this language is that prejudice is not necessary for an order to be null. However, this language does not negate the well established, elementary rule that "legal error does not entitle a defendant to a new trial unless it is prejudicial." *State v. Sanders,* 303 N.C. 608, 617, 281 S.E.2d 7, 12 (1981); *see also State v. Williams,* 1 N.C. App. 127, 132, 160 S.E.2d 121, 125 ("A new trial will not be granted for mere technical error which could not have affected the result, but only for error which is prejudicial, amounting to the denial of a substantial right."), *aff'd,* 274 N.C. 328, 163 S.E.2d 353 (1968).

The record is bereft of any indication that defendant was prejudiced by the trial court's failure to deny the motion to suppress in the same term and session in which it was made. Indeed, even if a ruling was not made in term and in session as is required, a ruling was made, at the very latest, before defendant's trial began by the same judge who had conducted the hearing on the motions to suppress. Defendant makes no argument that the failure of the trial court to enter a timely order prejudiced his ability to prepare a defense. Under the majority's rationale, the trial judge was apparently required to forget that he had already heard evidence and arguments on the motion and begin anew. I do not read *Boone* as requiring such a result.

In my view, the appropriate course of action for this Court is to view the case as if no order was entered at all and, in that posture, determine whether the trial court committed prejudicial error in admitting the challenged evidence. Our review is governed by the following well established principle:

> when there is no material conflict in the evidence presented at a motion to suppress evidence, the trial judge may admit the challenged evidence without specific findings of fact, although findings of fact are preferred. In that event, the necessary findings are implied from the admission of the challenged evidence.

*State v. Norman,* 100 N.C. App. 660, 663, 397 S.E.2d 647, 649 (1990) (internal citations and quotation marks omitted). There was no material conflict in the testimony presented at the hearing concerning

the identification of defendant, and this identification evidence was properly admitted.[4] There was a material conflict in the testimony with respect to defendant's statement; however, any error in admitting the statement and the resulting evidence was harmless.

## Identification Evidence

"Identification evidence must be suppressed on due process grounds where the facts show that the pretrial identification procedure was so suggestive as to create a very substantial likelihood of irreparable misidentification." *State v. Wilson*, 313 N.C. 516, 528-29, 330 S.E.2d 450, 459 (1985). "[A] suggestive identification procedure has to be unreliable under a totality of the circumstances in order to be inadmissible." *State v. Breeze*, 130 N.C. App. 344, 350, 503 S.E.2d 141, 146 (1998).

> The factors to be examined to determine the likelihood of irreparable misidentification include: (1) the opportunity of the witness to view the individual at the time of the event; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the individual; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the event and the confrontation.

*Wilson*, 313 N.C. at 529, 330 S.E.2d at 460.

In the instant case, the victim of the robbery, Sayed Rawi, was familiar with the defendant prior to the robbery because defendant frequented Rawi's convenience store. Rawi was able to see defendant's face through the mask that defendant was wearing on the night of the robbery. During a previous conversation, defendant had shown Rawi his tongue piercing, and Rawi noticed this tongue piercing on the night of robbery. When police arrived at the scene of the crime, Rawi immediately indicated that defendant was one of the men who had robbed him and even provided the police with defendant's name. Once the car being driven by two suspects had been stopped, an officer accompanied Rawi to the place where the suspects were being

---

4. In the instant case, defendant has not argued, or even suggested, that he intended or was able to offer any additional evidence bearing on his motions to suppress if a new hearing on the motions was held by the trial court. As such, this Court may review the record and determine whether the challenged evidence was properly admitted. I withhold comment on the effect of a defendant's ability to offer additional or different evidence at a new hearing on a motion to suppress evidence where the ruling denying the motion is null.

detained, and Rawi identified defendant from several feet away with no hesitation. On these uncontoverted facts, the victim's ability to positively identify defendant as the perpetrator of the crime cannot be attributed to his viewing of defendant in custody. Thus, the trial court properly admitted the identification evidence offered by Rawi.

### Defendant's Statement and Evidence Obtained as Result

With respect to defendant's motion to suppress defendant's statement to police officers and certain evidence alleged to have been procured as a result of that statement, there is material conflict in the evidence that was offered at the suppression hearing. Specifically, the State's evidence tended to show that defendant was informed of, and elected to waive, his *Miranda* rights, but defendant testified that he was questioned before being read his *Miranda* rights and that his requests for an attorney were repeatedly ignored. However, the failure of the trial court to enter an order resolving this conflict has not prejudiced defendant.

Even assuming *arguendo*, that the trial court did err in admitting the evidence related to defendant's statement, this error was harmless beyond a reasonable doubt, as the independent evidence of defendant's guilt was compelling. *See State v. Ladd*, 308 N.C. 272, 284, 302 S.E.2d 164, 172 (1983) (holding that erroneous admission of defendant's statement was harmless beyond a reasonable doubt where evidence of defendant's guilt was "overwhelming."). Specifically, the victim immediately informed police officers that defendant was one of the perpetrators of the robbery under circumstances where the victim was familiar with defendant's appearance, voice, and name. Defendant was detained by police offers near the scene of the crime; he was in a vehicle with the person the victim identified as being the other robber. The victim immediately, and without hesitation, identified defendant as one of the robbers upon seeing him in custody. A ski mask like the one involved in the robbery was found in plain view on the backseat of the vehicle. Defendant's mother invited police officers into her home where, with consent, they found a loaded .45 caliber pistol, which the victim identified as being the pistol used during the robbery. In light of this evidence, the admission of defendant's statement was harmless error, if it was error at all.

In sum, the trial court's apparent failure to enter an order denying defendant's motions to suppress in the same term and session in which they were heard does not necessarily entitle him to a new

trial. This is especially so where, as here, defendant's trial prepara-
tion was not hampered by the entry of the untimely order, and this
Court can conduct effective appellate review. In my view, the trial
court properly admitted the identification evidence, and its admission
of defendant's statement and the evidence allegedly procured as a
result of the statement was harmless error if it was error at all.
Moreover, careful review of defendant's remaining arguments on
appeal reveals that they are without merit. As such, defendant's
assignments of error should be overruled and the unanimous jury ver-
dict convicting defendant of robbery with a dangerous weapon
should be left undisturbed.

I respectfully dissent.