STATE OF NORTH CAROLINA v. JOHN MARVIN TRENT

No. 520A04

(Filed 1 July 2005)

**Evidence; Judgments— pretrial suppression hearing—decision announced out of term—nullity**

An armed robbery defendant received a new trial where the court announced its denial of defendant's suppression motions 7 months after the suppression hearing and after a new term had begun. The rule is longstanding: the court was required to enter its ruling during the term when the motions were heard. The

STATE v. TRENT

[359 N.C. 583 (2005)]

order was a nullity when it was entered, so that defendant's failure to object was not an implied consent, and prejudicial error review is not reached.

Justice NEWBY dissenting.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 166 N.C. App. 76, 601 S.E.2d 281 (2004), reversing a judgment entered on 28 August 2002 by Judge W. Osmond Smith, III in Superior Court, Caswell County, and granting defendant a new trial. Heard in the Supreme Court 14 March 2005.

*Roy Cooper, Attorney General, by John G. Barnwell, Assistant Attorney General, for the State-appellant.*

*Staples Hughes, Appellate Defender, by Matthew D. Wunsche, Assistant Appellate Defender, for defendant-appellee.*

LAKE, Chief Justice.

Defendant John Marvin Trent was indicted on 12 June 2001 on one count of robbery with a dangerous weapon. On 14 August 2001, he filed two motions to suppress. The motions sought to suppress the victim's identification of defendant and incriminating statements defendant made to police.

The hearing on defendant's motions to suppress commenced on 11 October 2001. The hearing was continued and resumed on 17 January 2002. After hearing evidence and arguments by counsel, the trial court stated: "Rather than rule on this right now, I'm going to review the evidence presented in greater detail, consider the authority argued and submitted by the parties and give you a ruling subsequently." At the end of these remarks, the trial court stated, "I will try to get you a ruling as soon as I reasonably can after giving it thorough consideration."

On 26 August 2002, seven months after the resumed hearing on the motions to suppress and after a new term had begun, this case came on for trial. At that time, the trial court announced in open court that defendant's motions to suppress were denied. Although the trial court stated that it informed the parties of its decision before announcing it on the opening day of the trial, nothing in the record indicates that this was done in open court during the Spring 2002 Term. Further, the State acknowledges that the written order was not filed with the Caswell County Clerk of Court until 21 August 2003,

which was one year after the announcement in open court and was out of term and out of session, as those categories have been traditionally defined. Following trial, on 28 August 2002, a jury convicted defendant of robbery with a firearm, for which he was sentenced to a term of 108 to 139 months' imprisonment.

In his appeal to the Court of Appeals, defendant successfully argued that the trial court erred by denying his motions to suppress because the order was entered out of term and out of session. We agree with the decision of the Court of Appeals, and likewise conclude that, given the present circumstances, defendant is entitled to a new trial.

This Court has noted that "[t]he use of 'term' has come to refer to the typical six-month assignment of superior court judges, and 'session' to the typical one-week assignments within the term." *Capital Outdoor Adver., Inc. v. City of Raleigh*, 337 N.C. 150, 154 nn.1 & 2, 446 S.E.2d 289, 291 nn.1 & 2 (1994).

Furthermore, this Court has held that "an order of the superior court, in a criminal case, must be entered during the term, during the session, in the county and in the judicial district where the hearing was held." *State v. Boone*, 310 N.C. 284, 287, 311 S.E.2d 552, 555 (1984). Absent consent of the parties, an order entered in violation of these requirements is null and void and without legal effect. *Id.*

This Court has considered the entering of orders out of term and out of session on numerous occasions. In fact, and notably, the case depended upon most highly by defendant, *Boone*, 310 N.C. 284, 311 S.E.2d 552, and one of the cases relied upon by the State, *State v. Horner*, 310 N.C. 274, 311 S.E.2d 281 (1984), were decided in opinions filed on the same day. The difference between the two cases is specifically addressed in *Horner*.

> In *Boone*, the trial judge did not make a ruling on the motion to suppress in open court which was recorded as a part of the proceedings. The trial judge in *Boone* left the district and, after the session expired, wrote, signed, and mailed to the clerk the order denying the motion to suppress. Nothing in the trial transcript or record indicated that the trial judge had made his decision on the motion at any time *in open court during the session*. Here, the trial judge passed on each part of the motion to suppress in open court as it was argued.

310 N.C. at 279, 311 S.E.2d at 285 (emphasis added).

This Court's decision in *State v. Palmer*, 334 N.C. 104, 431 S.E.2d 172 (1993) further clarifies the difference between the decisions in *Boone* and *Horner*. As interpreted by this Court in *Palmer*, *Boone* stands for the proposition that an order is a nullity if "the judge did not make a ruling on the motion in court during the term, but signed the order after the term had expired." *Id.* at 108, 431 S.E.2d at 174. In contrast, the trial court in *Horner* made a ruling on the motion in open court during the term at which the motion was heard. *Id.* Thus, the fact that the written order was filed after the term concluded did not invalidate it. *Id.* at 108-09, 431 S.E.2d at 174.

In the instant case, the trial court was required to enter its ruling on defendant's motions to suppress by announcing its decision in open court or by filing its order with the Caswell County Clerk of Court during the Spring 2002 Term in which the motions were heard. The trial court announced its decision in open court some seven months after the hearing, thus failing to comply with this established precedent.

The State contends that even if the order denying defendant's motions to suppress was entered out of term and out of session, it is not void because defendant impliedly consented to such an entry. To substantiate its claim, the State points to the fact that defendant did not object either when the trial court announced that it would take the motions under advisement, or when the decision was finally announced in open court before the start of the trial. However, contrary to the State's position, the decisions of our appellate courts adequately demonstrate that defendant's failure to object does not affect the nullity of an order entered out of term and out of session. In *State v. Reid*, 76 N.C. App. 668, 334 S.E.2d 235 (1985), the Court of Appeals found that a defendant does not impliedly consent to the entry of an order out of term and out of session by failing to object to a trial court's decision to take the motion under advisement. Furthermore, in *State v. Saults*, 299 N.C. 319, 261 S.E.2d 839 (1980), in which the defendant did not object to the trial court's entering of an order out of term and out of session, just as in the case at bar, this Court in essence held, *ex mero motu*, that a defendant's silence does not constitute implied consent. In *Saults*, this Court held: "[T]he order entered in this case is null and void since it was entered out of term and out of session." *Id.* at 325, 261 S.E.2d at 842. Moreover, this Court has clearly stated that "the consent of parties should always appear certain" to avoid "misapprehension, distrust and confusion." *Bynum v. Powe*, 97 N.C. 374, 378, 2 S.E. 170, 172 (1887).

STATE v. TRENT

[359 N.C. 583 (2005)]

Contrary to the argument offered by the State and the Court of Appeals' dissent, the presence of overwhelming evidence of defendant's guilt does not require reviewing the record for prejudicial error before a new trial is granted. In *Boone*, once this Court declared the order entered out of term and out of session as "being null and void and of no legal effect," the conclusion naturally follows that "the question of prejudice to the defendant is never reached." *Boone*, 310 N.C. at 289, 311 S.E.2d at 556. In the case at hand, the order announced and subsequently entered some seven months after the motion hearing is "null and void and of no legal effect." *Id.* Thus, there is no need or basis upon which to review the record for prejudicial error.

The Court of Appeals' dissent chastises the majority by saying, "[T]he trial judge was apparently required to forget that he had already heard evidence and arguments on the motion[s] and begin anew." *State v. Trent*, 166 N.C. App. 76, 83, 601 S.E.2d 281, 286 (2004) (Levinson, J., dissenting). However, that comment ignores the fact that the instant case represents the particular circumstance in which the *same judge* presides over the hearing on the motions and the trial, notwithstanding the two being in different terms and sessions. Requiring all judges to enter orders in term and in session, without exception, preserves standards, uniformity, stability, and fairness in criminal prosecution and furthers the policy motivation for the rule.

We do not embrace form over substance in adhering to this long-standing rule. The rule, although phrased in various ways in preceding cases, has invariably been applied to nullify orders which were entered out of term and out of session in both criminal and civil cases. The rationale for adhering to this rule continues to be the same as it was in an early case on this issue. In 1887 this Court, in affirming the then "well-settled" rule, recognized the General Assembly's power to prescribe the exercise of judicial jurisdiction through the use of terms and sessions stating: "This is essential to secure certainty, consistency, order and practical convenience in the due administration of public justice. Without proper regulations in these respects, disorder and confusion must inevitably prevail . . . to the detriment of the public and individuals." *Bynum*, 97 N.C. at 378, 380, 2 S.E. at 172 (judgment of nonsuit granted out of "term time" held to be void).

It is preferable to have trial courts enter orders on the record in the public scrutiny of open court. This is especially true in criminal cases like the one at hand. A trial court's failure to timely enter an

order, even though inadvertent as in the case at bar, not only denies a defendant adequate opportunity to prepare his defense, but creates an unreasonable delay in the administration of justice.

For the foregoing reasons, defendant is entitled to a new trial.

AFFIRMED.

Justice NEWBY dissenting.

A jury convicted defendant of robbery with a dangerous weapon after being presented with overwhelming evidence of his guilt. Although defendant has not alleged, and the record does not suggest, any prejudicial error by the trial court, this Court grants him a new trial based on a legal antique known as the out-of-term, out-of-session rule. I respectfully dissent.

In August 2001, defendant filed two motions to suppress, one regarding the victim's identification of him, the other his self-incriminating statements to police. The court began hearing the motions on 11 October 2001 during the Fall 2001 term and, after ordering a continuance, completed the hearing on 17-18 January 2002 during the Spring 2002 term. Defendant at no time objected to the continuance, nor did he object to the fact that the court did not announce its decision either on 11 October 2001 or 18 January 2002. On 26 August 2002, during the Fall 2002 term, the trial judge announced in open court that he had denied both suppression motions, having previously informed the parties of his decision. Defendant did not renew his motions and, again, raised no objection. The case proceeded to trial where defendant was duly convicted on 28 August 2002.

This Court grants defendant a new trial based on the trial court's failure to comply with the judicially-imposed out-of-term, out-of-session rule. The rule obliges a trial court to decide a motion in a civil or criminal case during the term and session and in the county and judicial district in which the motion was heard.[1] *See, e.g., State v. Boone,* 310 N.C. 284, 311 S.E.2d 552 (1984). According to our precedents, a ruling issued in contravention of the rule is void. *Id.*

The out-of-term, out-of-session rule is now out of date. To begin with, the historical factors that most likely resulted in its adoption no

---

1. As the majority notes, "term" refers to the six-month assignments of superior court judges to judicial districts, while "session" denotes the one-week assignments within each term.

longer exist.[2] While the exact origins of the rule are unknown, it was almost certainly meant to promote the expeditious administration of justice at a time when judges rode circuit on horseback and visited each locality only a few days per year.[3] If a judge failed to announce a decision during the term and session in which a matter was heard, the parties could wait months before the next judge—possibly a different one—came along. Modern technology, however, has dramatically increased the ease and speed of travel, and communication is virtually instantaneous. Superior court judges no longer spend months riding circuit, and, perhaps most importantly, the superior court remains "open at all times for the transaction of all business . . . ." N.C. Const. art. IV, § 9; *see also* John V. Orth, *The North Carolina State Constitution: A Reference Guide*, 108 (1993) (Article IV, Section 9 "empower[s] superior courts to exercise judicial power, as needed, at any time of the day or night[.]"). In short, the majority retains the out-of-term, out-of-session rule without any of the historical justifications that once made it sensible.

Moreover, the rule completely ignores the way our courts now function. Crowded trial calendars routinely compel trial judges to continue cases from one term or session to the next. Imposing the out-of-term, out-of-session rule on this reality reveals its absurdity in the modern context. This perhaps explains why the majority provides so little guidance regarding its application. As traditionally stated, the rule would have required the trial court to dispose of defendant's motions when they were first heard during the week of 11 October 2001. The court's continuance effectively meant that any order it might enter would be out of term and out of session. Based on our precedents, then, it would seem the court should have obtained the

---

2. The exact origins of the out-of-term, out-of-session rule are apparently unknown. Well over a century ago, this Court regarded it as so well-established that no rationale was necessary for its application. *See, e.g., Henry J. Hervey & Co. v. Edmunds*, 68 N.C. 173, 175-76, 68 N.C. 243, 245-48 (1873) (holding judgment signed out-of-term valid with consent of the parties); *Hardin v. Ray*, 89 N.C. 364, 365 (1883) (holding judgment signed out-of-term not valid); *Shackelford v. Miller*, 91 N.C. 181, 185-86 (1884) (holding decree signed out-of-term and out-of-county is valid with consent of parties or their counsels); *Coates v. Wilkes*, 94 N.C. 168, 171, 94 N.C. 174, 178-79 (1886) (finding because the appellant did not object to the entry of an out-of-term amendment to a previous order, consent will be presumed and the amendment is valid); *Bynum v. Powe*, 97 N.C. 294, 299-300, 97 N.C. 374, 382-83, 2 S.E. 170, 173-74 (1887) (finding judgment of non-suit granted out-of-term without consent void).

3. The 1868 North Carolina Constitution provided that superior court would be held in each county at least twice per year for a two-week session, "unless the business shall be sooner disposed of." N.C. Const. of 1868, art. IV, § 12. Thus, if a court failed to rule on a matter, it could be six months before the court was again in session.

consent of the parties on the record before continuing proceedings. *See, e.g., Bynum v. Powe,* 97 N.C. 374, 2 S.E. 170 (1887). *But see Coates v. Wilkes,* 94 N.C. 168, 171, 94 N.C. 174, 178-79 (1886) (finding because the appellant did not object to the entry of an out-of-term amendment to a previous order, consent will be presumed and the amendment is valid). Of course, given our judicial system's dependence on continuances, such a requirement would put trial courts at the mercy of the parties. On the other hand, if trial courts are permitted to evade the out-of-term, out-of-session rule through continuances, one might rightly question how, exactly, the rule enhances the administration of justice.

Other members of this Court have questioned the manner in which we apply the rule to our present legal system. More than twenty-five years ago, in *State v. Saults,* 299 N.C. 319, 261 S.E.2d 839 (1980), three eminent jurists—Chief Justice Branch, Justice Brock, and Justice Huskins—dissented from this Court's application of the rule in that case. According to the dissenters, it was not unusual for a judge to want to review a transcript of a hearing before entering an order. *Saults,* 299 N.C. at 327, 261 S.E.2d at 843 (Brock, J., dissenting). The widespread availability of transcripts allows today's judges to take a more deliberative approach to decision making, an advantage the out-of-term, out-of-session rule undermines.

In my view, the out-of-term, out-of-session rule concerns matters best left to the General Assembly. Essentially, it amounts to a limitation on the jurisdiction of the superior court. *See* Black's Law Dictionary 855 (7th ed. 1999) (defining jurisdiction as, *inter alia,* "[a] court's power to decide a case or issue a decree"). The North Carolina Constitution, however, specifically confers the authority to limit the "original general jurisdiction" of the superior court on the legislature, and the legislature has repeatedly demonstrated its willingness to exercise this authority. N.C. Const. art. IV, § 12(3); *see, e.g.,* N.C.G.S. § 7A-272 (2003) (giving the district court original jurisdiction over most misdemeanors). Since neither our precedents nor the majority opinion holds the out-of-term, out-of-session rule is constitutionally necessary, we should end this potential interference with the legislative prerogative.

Even were I to agree with the majority's continued adherence to the rule, I would question its application to the facts of the instant case. The majority grants defendant a new trial although he never objected to the trial court's out-of-term ruling on his motions to suppress. Our general rule is that a party must raise an objection and

obtain a ruling thereon at trial to preserve the issue for appellate review. N.C. R. App. P. 10(b)(1). The failure to do so ordinarily waives the issue. *Id.* This requirement affords trial courts the opportunity to correct errors before they reach the appellate level, thereby conserving precious judicial resources. Not applying it to orders entered out of term and out of session encourages parties to remain silent in hopes of obtaining new trials if outcomes are unfavorable.

Interestingly, the *Boone* case, upon which both the majority and the Court of Appeals rely, could be read to require parties to object at trial. In *Boone*, this Court held that, when a trial court does not announce a ruling in open court, the court must sign and file the ruling "with the clerk in the county, in the district and during the session when and where the question is presented." 310 N.C. at 290, 311 S.E.2d at 557. Our Court located support for this holding in Rule 58 of the North Carolina Rules of Civil Procedure, describing it as "sufficiently analogous" to warrant imposing it on criminal proceedings. *Id.* at 290, 311 S.E.2d at 556. Subsequently, the General Assembly amended Rule 58 to include the following language:

> Consent for the signing and entry of a judgment out of term, session, county, and district shall be deemed to have been given *unless an express objection to such action was made on the record prior to the end of the term or session at which the matter was heard.*

N.C.G.S. § 1A-1, Rule 58 (2003) (emphasis added). Thus, in civil cases, a party's failure to object is now regarded as consent to the entry of the judgment (or order) out of term and out of session. *See Boone*, 310 N.C. at 290 n.1, 311 S.E.2d at 556 n.1 (expressing the view that the same rule should apply to judgments and orders). According to our reasoning in *Boone*, we should extend this requirement to criminal proceedings as well.

*Boone* can also be distinguished from the instant case on other grounds. There the defendant renewed his motion to suppress after a second judge was assigned to the case. 310 N.C. at 290, 311 S.E.2d at 556. The second judge denied his motion without a hearing based on the original judge's out-of-term and out-of-session order. *Id.* Under those circumstances, it made sense for this Court to order a rehearing: the second judge needed more than a void order as the basis for his denial of defendant's suppression motion. Here, however, defendant failed to renew his suppression motions during the Fall 2002 term, and the same judge presided through-

out. No valid legal interest would have been served by having the judge hear the same evidence twice.[4]

Additionally, defendants who allege violations of the out-of-term, out-of-session rule should have to show prejudice. The majority opinion stands for the proposition that a breach of the rule *ipso facto* entitles a defendant to a new trial. As the dissent in the Court of Appeals points out, the mere fact that the order itself was a nullity does not mean the trial was void. *State v. Trent*, 166 N.C. App. 76, 80, 601 S.E.2d 281, 284 (2004) (Levinson, J., dissenting). We typically require defendants to demonstrate prejudice before granting relief for nonconstitutional errors. *See* N.C.G.S. § 15A-1443 (2003). There is no good reason why we should not expect this when addressing orders entered out of term and out of session.

I note that even most constitutional errors do not warrant the automatic reversal the majority deems appropriate for violations of the out-of-term, out-of-session rule. Generally "a constitutional error does not automatically require reversal of a conviction [because] most constitutional errors can be harmless." *Arizona v. Fulminante*, 499 U.S. 279, 306, 113 L. Ed. 2d 302, 329 (1991). An error is harmless if it is "clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *Neder v. United States*, 527 U.S. 1, 17-18, 144 L. Ed. 2d 35, 52-53 (1999). The harmlesserror doctrine acknowledges that " 'the central purpose of a criminal trial is to decide the factual question of the defendant's guilt or innocence, and [to] promote[] public respect for the criminal process by focusing on the underlying fairness of the trial rather than on the virtually inevitable presence of immaterial error.' " *Fulminante*, 499 U.S. at 308, 113 L. Ed. 2d at 330 (citation omitted).

The record nowhere indicates that the trial court's failure to enter its order in the Spring 2002 term prejudiced defendant. Significantly, defendant does not challenge the order on the merits. The court announced its ruling in advance of trial, and defendant has not alleged that his ability to prepare his defense was impaired. Even the Court of Appeals majority concedes that the evidence against defendant was "overwhelming." *Trent*, 166 N.C. App. at 80, 601 S.E.2d at 284.

---

4. In *Saults*, another case on which the majority heavily relies, this Court's characterization of the order at issue as out of term and out of session was clearly *dicta*. There the defendant moved for a new trial based upon newly discovered evidence. 299 N.C. at 322, 261 S.E.2d at 840. This Court ordered a new hearing on the motion after concluding the trial judge's findings of fact did not support his conclusions of law. *Id.* at 325, 261 S.E.2d at 843.

[359 N.C. 593 (2005)]

The victim knew both defendant and his partner and recognized them as the men who had robbed him. The police found defendant near the crime scene with a mask in the back of his vehicle. Defendant's own mother led police to the loaded .45 caliber pistol used to commit the robbery. Simply put, a rational jury would have convicted defendant even without the pretrial identification and incriminating statements defendant sought to suppress. Ordering a new trial for a benign violation of an arcane rule serves no rational purpose and taxes already overworked trial courts whose energies would be better spent trying new cases rather than retrying old ones.

The majority claims the out-of-term, out-of-session rule serves the interests of "uniformity, stability and fairness in criminal prosecutions." If so, its virtues as applied to the instant case are difficult to discern. Today this Court grants a new trial to a man convicted of a violent crime in a prior trial free from prejudicial error. This result advances neither the ends of justice nor the public good.

For the foregoing reasons, I respectfully dissent.